COMMONWEALTH *vs.* MAX DANZIGER.

Suffolk.    March 12, 1900. — June 5, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Complaint — Charging an Offence in the Words of the Statute — Constitutional Law — Police Power.*

As a general rule it is sufficient to charge an offence in the words of the statute.
The St. of 1895, c. 497, entitled "An Act to regulate the making of loans upon deposits or pledges of personal property" is constitutional.

COMPLAINT, under St. 1895, c. 497, entitled " An Act to regulate the making of loans upon deposits or pledges of personal property," to the Municipal Court of the city of Boston, alleging that Max Danziger " on the ninth day of October in the year of our Lord one thousand eight hundred and ninety-nine and on divers other days and times between that day and the day of making this complaint, at the City of Boston aforesaid, and within the judicial district of said Court (the said city being then and on said other days and times a city of more than ten thousand inhabitants) did engage in and carry on the business of

loaning money upon mortgages, deposits and pledges of wearing apparel, jewelry, ornaments, household goods and other personal property ; the said Danziger not being then and on said other days and times there duly licensed as a pawnbroker." The defendant moved to quash the complaint : 1. Because no crime or offence is fully, plainly, substantially, and formally described or set out therein.   2. Because it sets out no offence or crime against the laws of the land or the statutes of this Commonwealth.   3. Because the statute on which said complaint is founded is unconstitutional and void.   4. Because that statute is against public policy and in restraint of trade.   .

The motion was overruled ; the defendant was found guilty, and he appealed.

*R. Levi*, for the defendant.

*M. J. Sughrue*, First Assistant District Attorney, for the Commonwealth, submitted the case on a brief.

MORTON, J.   1. The offence is created by statute, and the complaint charges the offence in the words of the statute.   As a general rule it is sufficient in such cases to charge the offence in the words of the statute.   *Commonwealth* v. *Prescott*, 151 Mass. 60.   *Commonwealth* v. *Hodgkins*, 170 Mass. 197.   We can see no reason for departing in the present case from the general rule, and think that the complaint is clearly sufficient.

2. The statute was enacted under and by virtue of what is termed the police power, that is, the power to make and establish all manner of wholesome and reasonable laws and statutes for the good and welfare of the Commonwealth.   It is not necessary that statutes passed in the exercise of that power should apply equally and uniformly to all citizens of the Commonwealth in order to be constitutional.   It is sufficient if they apply equally and uniformly to all who are similarly circumstanced and are not otherwise objectionable.   Such statutes have been upheld as constitutional in numerous instances.   *Goddard, petitioner*, 16 Pick. 504.   *Watertown* v. *Mayo*, 109 Mass. 315, 318, and cases cited.   *Commonwealth* v. *Roberts*, 155 Mass. 281.   *Commonwealth* v. *Parks*, 155 Mass. 531.   *Opinion of the Justices*, 163 Mass. 589.   *Cole* v. *Tucker*, 164 Mass. 486.   *Newton* v. *Joyce*, 166 Mass. 83.   *Commonwealth* v. *Morris, ante*, 19.   We see nothing in the present case that renders the statute, under which this complaint was

instituted, unconstitutional in any other respect. There can be no doubt about the right of the Legislature to regulate the business of pawnbrokers, or of persons engaged in the kind of business described in the statute under which this complaint was brought ; neither can there be any doubt as to its right to limit such regulations to persons carrying on such business in cities and towns of ten thousand inhabitants or more. The effect may be to compel persons carrying on the business in cities or towns of ten thousand inhabitants or more to pay a license which persons engaged in the business in cities or towns of less than ten thousand inhabitants are not obliged to pay, but that does not render the statute unconstitutional.

Order overruling motion to quash affirmed.

*Verdict to stand.*