# Beall *v.* Lehman, Durr Co.

## *Bill in Equity to Enforce a Vendor's Lien.*

1. *Bill to enforce vendor's lien; what is a final decree.*—Where one, holding as collateral security a note given for the purchase money of lands, files a bill to subject said lands to the satisfaction of such note, one of the issues involved in such controversy is the indebtedness *vel non* of the transferror of the note to the complainant; and a decree which adjudges that the complainant is entitled to the relief prayed, and decrees that the note is a valid lien upon the property, but fails to ascertain and adjudge that the transferror of said note was indebted to the complainant in any sum whatever, and orders a reference to the register to ascertain and report the amount due to the complainant by such transferror, if any, is not a final decree which will support an appeal; and such decree, though interlocutory, not being one from which an appeal will lie under the statute (Code, § 427), an appeal therefrom will be dismissed.

APPEAL from the Chancery Court of Crenshaw.

Heard before the Hon. WILLIAM L. PARKS.

The bill in this case was filed by Lehman, Durr Company, appellees, against the appellants. The purpose of this bill and the facts of this case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion. The decree rendered in the case was that the complainant "is entitled to the relief as prayed, and said purchase money lien, as evidenced by said note * * * as set forth in said original bill is hereby decreed valid and a superior lien upon" the real estate involved in controversy. The decree then orders a reference to the register in the language copied in the opinion. It is from this decree that the present appeal is prosecuted.

GRAHAM & STEINER and BRICKEN & BRICKEN, for appellants.

A. A. WILEY and CHAS. WILKINSON, contra.

TYSON, J.—The bill in this cause was filed to subject certain real estate therein described to the satisfaction of a note given for the purchase of the same. It is alleged that this note was transferred and held by the complainant as collateral security for an indebtedness due to it by Beall & Coston and J. W. Beall. The object sought to be accomplished is to recover the sum or sums of money alleged to be due by these parties to the complainant for which the note was hypothecated. One of the issues presented by the pleadings is whether there is any sum due by Beall & Coston or J. W. Beall to these complainants. Indeed indebtedness *vel non*, is one of the vital questions involved in determining the equities—the merits of the case. Unless the complainant is the owner of an enforceable debt—unless there is some amount due to it for which the note was pledged as collateral security—it follows, as a matter of course, that it would not be entitled to a decree condemning the lands. The decree from which the appeal is prosecuted fails to ascertain and adjudge that the

[Tallassee Falls Mfg. Co., for use, etc. v. Western Ry. of Alabama.]

respondents Beall & Coston or J. W. Beall are indebted to the complainant in any sum whatever. This question is undetermined, but is referred to the register, and he is directed to "hold a reference and ascertain and report the amount due to complainant by Beall & Coston, if any; and, secondly, the amount due complainant by J. W. Beall as an individual, on the 1st day of June, 1894, with interest thereon." This infirmity prevents the decree from being a final one.—*Walker v. Crawford*, 70 Ala. 567; *Kimbrell v. Rogers*, 90 Ala. 339; *Savage et al. v. Johnson*, 125 Ala. 673; *Garner v. Prewitt*, 32 Ala. 18. It is, therefore, merely interlocutory. But it is not such an interlocutory decree from which an appeal will lie.— Code, § 427. The decree, not being final and not being such an interlocutory one, as will support an appeal, this court is without jurisdiction to review it. Code, § 426, and authorities cited under it.

Appeal dismissed.