[Stallworth, et al. v. Brown, et al.]　.

G. F. Goodwyn, for appellee. Counsel discusses the demurrers to the petition with citations of authority but does not discuss the point decided.

# Stallworth, *et al. v.* Brown, *et al.*

*Proceedings to Quiet Title.*

(Decided April 21, 1908. 46 South. 467.)

*Appeal; Orders Appealable; Certificate of Verdict from Circuit to Chancery Court.*—Where the chancery court has certified issues of fact to the circuit court for a jury trial, as authorized by section 824, Code 1896, an appeal does not lie from the finding of the jury and order of the circuit court certifying the verdict to the chancery court, the same not being a judgment from which an appeal will lie under section 426, of the Code of 1896

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Suit to quiet title between Garland G. Stallworth and others and O. H. Brown and others. Issues having been certified by the chancery court to the circuit court for jury trial, Stallworth and others appeal from the verdict

and from an order of the circuit court certifying the verdict to the chancery court, and appellees move to dismiss the appeal. Appeal dismissed.

GREGORY L. & H. T. SMITH, for appellant. The right of appeal to the Supreme Court from the rulings of the circuit court upon issues as to the title and possession of property under order from the chancery court upon a bill to quiet title, exists.—*Matthews v. Forniss,* 91 Ala. 159; *MtCutcheon v. Logging,* 109 Ala. 462. The court may review a portion of the issues touched upon without disturbing the verdict as to the other issues.—*Jeter v. Jeter,* 36 Ala. 409; *Patterson v. Blakney,* 33 Ala. 338; *Boyd v. Gilchrist,* 15 Ala. 849; *Sankey v. Sankey,* 6 Ala. 607; *A. G. S. R. R. Co. v. McAlpine,* 80 Ala. 75; *Jones v. Dyer,* 20 Ala. 373; 12 Pickering 279; 32 Conn. 1; 46 Conn. 370; 46 Ill. App. 403; 43 Miss. 189; 25 N. C. 549; 26 N. H. 117.

McINTOSH & RICH, for appellee. The appeal should be dismissed—Sec. 426, Code 1896; *Johnson v. Dismukes,* 104 Ala. 520; *Montevallo Coal Co. v. Reynolds,* 44 Ala. 252; *Broyles v. Maddox,* 43 Ala. 357; *Morgan v. Flexner,* 105 Ala. 366; *Bell v. Otts,* 101 Ala. 186; *McDonald v. R. R. Co.,* 123 Ala. 227; *Ferrell v. Opelika,* 144 Ala. 135; *McKleroy v. L. Co.,* 126 Ala. 184; Sec. 812, Code 1896.

DENSON, J.—This case originated in the chancery court of Mobile county, on a bill filed under sections 809-813 of the Civil Code of 1896 to quiet the title to certain lands described in the bill of complaint. Section 812, among other things, provides that "upon the application of either party, a trial by jury shall be directed to determine the issues, or any specified issue, of fact

[Stallworth, et al. v. Brown, et al.]

presented by the pleadings; and the court is bound by the result, but may, for sufficient reasons, order a new trial thereof." Under this statute, on application made in the chancery court, by the complainants, for a trial by jury, that court certified certain issues of fact to the circuit court, to be determined in that court by a jury.— Civ. Code 1896, § 824. It appears from the record that the issues certified were tried in the circuit court by a jury, and that the verdict of the jury responded to each of the issues. On the return of the verdict it was entered in the minutes of the court, and following it the circuit court made this order: "It is therefore ordered and adjudged by the court that the foregoing verdict of the jury upon said issues be certified to the chancery court for the Thirteenth district of the Southwestern chancery division of the state of Alabama." From the verdict and this order (the certificate of the clerk shows) this appeal is prosecuted, and the record fails to disclose that any other order was made by the circuit court in respect to the verdict of the jury or to the issues certified to it by the chancery court. The appellees have appeared and entered a motion to dismiss the appeal.

In resistance of this motion the appellants argue that as the chancery court shall, upon the finding of the jury, finally adjudge and decree upon the rights of the parties, the order of the circuit court constitutes a final adjudication between the parties, which may be appealed from. Assuming that the chancery court had the power, under the statute (Civ. Code 1896, § 812), to send the issues to the circuit court for trial, it is too plain for argument that the order appealed from is not a final judgment which, under section 426 of the Civil Code of 1896, will support an appeal. The order does not purport to determine anything. It merely orders and adjudges that the verdict of the jury

upon the issues be certified to the chancery court. There is no provision in the statute for an appeal from such an order; and certainly it cannot, with any show of reason, be contended that an appeal may be based on the verdict of a jury. Appeals being creatures of statute law, and there being no provision in our statutes for appeals from such orders, the court is of the opinion that the motion to dismiss the appeal is well made and must be granted. Let judgment be entered dismissing the appeal at the cost of the appellants.

Appeal dismissed.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.