## CLAYTON O. DEWEY vs. FRANK E. RICHARDSON.

Suffolk.   June 24, 1910. — October 18, 1910.

Present: KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Constitutional Law,* Police power.   *Small Loans Act.*

The provisions of St. 1908, c. 605, §§ 1–6, regulating the business of making small loans of $200 or less upon which a rate of interest greater than twelve per cent per annum is charged and for which no security other than a note or contract with or without an indorser is taken, and prohibiting the carrying on of such business without first obtaining a license in the city or town in which the business is to be transacted, are constitutional as a proper exercise of the police power.

The provisions of St. 1908, c. 605, §§ 1–6, regulating the business of making small loans of the class there described and prohibiting the carrying on of such business without first obtaining a license in the city or town in which the business is to be transacted, are not made unconstitutional by the requirement of § 2 that the licensing officer or board shall from time to time establish regulations respecting the business carried on by the persons so licensed and the rate of interest to be charged by them, having due regard to the amount of the loan and the time for which it is made, or by the fact that under this section the rate of interest prescribed may be different in one city or town from that in another.

The provisions of St. 1908, c. 605, §§ 1–6, regulating the business of making small loans of the class there described and prohibiting the carrying on of such business without first obtaining a license in the city or town in which the business is to be transacted, are not made unconstitutional by the exemption from the provisions of that act by § 6 of "national banks, all banking institutions which are under the supervision of the bank commissioner, and loan companies and loan associations established by special charter and placed under said supervision." Following *Mutual Loan Co.* v. *Martell,* 200 Mass. 482.

CONTRACT on two promissory notes, one for $25, dated at Boston on January 3, 1910, payable at the office of the plaintiff in Boston on February 3, 1910, and bearing interest at the rate of two per cent per month, and the other for $18, dated at Boston on January 11, 1910, payable on February 11, 1910, at the same place and bearing interest at the same rate.   Writ dated February 18, 1910.

By an amended answer the defendant set up the defense of the invalidity of the notes by reason of the violation of the provisions of St. 1908, c. 605, §§ 1–6.   The plaintiff demurred to the defendant's amended answer on the ground that it did

not set forth any valid defense for the reason that the sections of the statute relied upon were unconstitutional.

In the Superior Court the case was submitted to *Sanderson,* J., upon an agreed statement of facts, which was as follows :

" First.  That the facts and averments contained in the answer are true.

" Second.  That acting in pursuance of St. 1908, c. 605, § 2, the proper authorities in the cities of Boston, Worcester and New Bedford have fixed the following rates of interest: Upon loans not exceeding $50, thirty-six per cent per annum and upon loans exceeding $50 thirty per cent per annum.

" In the city of Fall River the rate has been fixed as follows: Upon loans not exceeding $50 thirty-six per cent per annum. Upon loans exceeding $50 but not exceeding $100 twenty-four per cent per annum.  Upon loans exceeding $100 but not exceeding $200 eighteen per cent per annum.

" In the city of Beverly the rate has been fixed as follows: On loans not exceeding $25 sixty per cent per annum.  On loans exceeding $25 but not exceeding $50 forty-eight per cent per annum.  On loans exceeding $50 but not exceeding $100 thirty-six per cent per annum.  On loans exceeding $100 but not exceeding $200 twenty-four per cent per annum.

" Third.  That in the various cities of the Commonwealth there exist national banks, trust companies, loan companies and loan associations established by special charter, which are engaged wholly or in part in making loans of less than $200, to which section 1 of said chapter 605 of the acts of 1908 would ordinarily apply, but which are exempted by section 6 of said act.

" Fourth.  That in the city of Boston especially there exists a corporation organized under a special charter, known as the Chattel Loan Company, which is engaged almost exclusively in the business of making the loans mentioned in section 1 of said chapter 605 of the acts of 1908, and that the charges made by said Chattel Loan Company, and permitted by law, are far in excess of those provided for by said act."

On the foregoing statement of facts the judge ordered judgment for the defendant.  From the judgment entered in accordance with this order the plaintiff appealed.

The case was submitted on briefs.

*H. Bergson*, for the plaintiff.

*W. A. Parker*, for the defendant.

KNOWLTON, C. J.   The only question in this case is whether the St. 1908, c. 605, §§ 1–6, which provides for the regulation of the business of making small loans, is constitutional.

The loans referred to are of $200 or less, upon which a rate of interest greater than twelve per cent per annum is charged, and for which no security other than a note or contract, with or without an indorser, is taken.   The Legislature evidently had in mind the danger that such a business, if left without regulation, would be conducted oppressively, and the statute was enacted with a view to furnish a degree of protection to borrowers.   Similar provisions have been enacted in regard to conducting the business of a pawnbroker, and in regard to conducting the business of making loans secured by mortgage or pledge of household furniture or other personal property exempt from attachment, for less than $200, or at a rate of interest greater than twelve per cent.   R. L. c. 102, §§ 33, 39, 57, 66. If there is danger of oppression in carrying on a business of this kind, the Legislature, in the exercise of the police power, may regulate it by statute, in the interest of the people who may be liable to such oppression.   The regulation of the exercise of private rights has been considered by this court in many cases. *Mutual Loan Co.* v. *Martell*, 200 Mass. 482.   *Commonwealth* v. *Strauss*, 191 Mass. 545.   *Welch* v. *Swasey*, 193 Mass. 364. *Commonwealth* v. *Pear*, 183 Mass. 242.   We cannot say that the Legislature might not properly determine that carrying on such a business for gain calls for regulation, and might not accordingly provide that no one should engage in the business unless duly licensed.   It was decided that the similar statute relative to engaging in the business of a pawnbroker was constitutional.   *Commonwealth* v. *Danziger*, 176 Mass. 290.

The plaintiff attacks particularly the requirement of § 2 that the licensing officer or board shall from time to time establish regulations respecting the business, and the rate of interest to be charged, having due regard to the amount of the loan and the time for which it is made.   Under this section, the rate of interest prescribed may be different in one city or town from that in another.   The right of the Legislature to delegate to

a local board the making of regulations under statutes has long been recognized in this Commonwealth, as properly founded on the principle of local self-government, which has been a part of the law of New England from the earliest times. *Brodbine* v. *Revere*, 182 Mass. 598. *Welch* v. *Swasey*, 193 Mass. 364. It is quite possible that in two different cities of the State, remote from each other, conditions might be so different as to justify the establishment of different rates of interest for short loans of small amounts in different places. The statute as to pawnbrokers contains substantially the same provision, and it was held constitutional. R. L. c. 102, § 35. *Commonwealth* v. *Danziger*, 176 Mass. 290.

The plaintiff also contends that the statute is unconstitutional because it exempts from its provisions " national banks, all banking institutions which are under the supervision of the bank commissioner, and loan companies and loan associations established by special charter and placed under said supervision." But this objection was considered in the case of *Mutual Loan Co.* v. *Martell*, 200 Mass. 482, which arose under the same statute, and it was held that it was not fatal to the validity of the act. The Legislature might find that these classes of corporations, being subject to official supervision under the law, even if they did some business of the kind described in the statute, would not be likely to conduct their business oppressively in dealing with small borrowers. This decision covers the present case. See also *Welch* v. *Swasey*, 193 Mass. 364. In the opinion of a majority of the court the entry must be

*Judgment for the defendant.*