COMMONWEALTH *vs.* WALTER M. LIBBEY.
SAME *vs.* J. F. CRANE.

Essex. Suffolk. November 17, 1913. — January 9, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Constitutional Law. Strike. Statute,* Construction. *Words,* "Newspapers."

St. 1910, c. 445, making it a criminal offense for an employer, during the continuance of a strike, lockout or other labor trouble among his employees, to advertise publicly in newspapers or otherwise for employees without plainly and explicitly mentioning in such advertisements "that a strike, lockout or other labor disturbance exists," is constitutional, its purpose and effect being to protect innocent searchers for work from being invited to seek employment where a strike is in progress in ignorance of the true state of affairs.

If by a rational interpretation a legitimate purpose can be attributed to a statute, which otherwise might be unconstitutional, such legitimate purpose must be assumed to have been that of the Legislature.

St. 1912, c. 545, providing that St. 1910, c. 445, making it a crime for an employer to advertise publicly for employees during a strike without plainly mentioning that a strike exists, "shall cease to be operative when the State board of conciliation and arbitration shall determine that the business of the employer . . . is being carried on in the normal and usual manner," is constitutional, this

---

* This case was decided on the same day that the cases of Flanagan and Martin were decided.

statute providing only one way and not the exclusive way of determining that such a strike is at an end, and the employer having a right, if the board makes no finding or even finds that a strike still exists, to prove the cessation of the strike in any lawful manner.

St. 1910, c. 445, making it a crime for an employer to advertise publicly "in newspapers, or by posters or otherwise, for employees" during a strike without plainly mentioning in such advertisements that a strike exists, applies to a case where such an advertisement is published in only one newspaper, the plural word "newspapers" being used in a generic sense to designate a publication in one or more papers.

RUGG, C. J. St. 1910, c. 445, in substance requires that every employer who, during a strike or labor disturbance among his employees, publicly advertises in newspapers for persons to work in place of the strikers, "shall plainly and explicitly mention in such advertisements . . . that a strike, lockout or other labor disturbance exists." The defendants were found guilty of infractions of this act.* The chief question is whether it is within the power conferred by the Constitution upon the Legislature to enact the statute. The Legislature may "make, ordain, and establish, all manner of wholesome and reasonable orders, laws, statutes, and ordinances" not repugnant to the Constitution. Const. Mass. c. 1, § 1, art. 4. This is strong language, and it always has been interpreted broadly in its application to statutes enacted from time to time by the Legislature to satisfy the changing needs of society. But the Constitution also guarantees to all citizens the blessings of liberty and the right to happiness and safety, and the right to acquire and possess property. In general terms also the Federal Constitution gives substantially the same assurances. The liberty which thus has such ample constitutional security does not signify absolute and unrestrained license to follow the dictates of an unbridled will. Constitutional freedom means a liberty regulated by law. The right of the individual is subject to reasonable restraints made by general law for the common good. Said Mr. Justice Hughes, in *Chicago, Burlington & Quincy Railroad* v. *McGuire*, 219 U. S. 549,

---

* The trial of the defendant Libbey was in Essex County before *Chase*, J., and that of the defendant Crane was in Suffolk County before *Brown*, J. In each case the jury returned a verdict of guilty, and in each case the defendant alleged exceptions, raising the question of the constitutionality of St. 1910, c. 445, and St. 1912, c. 545, amending it.

567: "Liberty implies the absence of arbitrary restraint, not immunity from reasonable regulations and prohibitions imposed in the interests of the community." The present statute interferes with individual liberty to some extent. But the State, in the exercise of the police power, may legislate for the public health, the public safety and the public morals, and in a certain qualified sense for the public welfare, and thus restrict the freedom of the individual. *Commonwealth* v. *Strauss*, 191 Mass. 545, 550. *Commonwealth* v. *Beaulieu*, 213 Mass. 138. *Opinion of the Justices*, 208 Mass. 619.

It is often difficult to draw the line between the rights of the citizen to pursue and enjoy liberty, to seek and obtain happiness and to acquire and possess property, on the one side, and the right of the State to enact laws in the general interests of all the people, on the other side. The law must not be arbitrary; it must be reasonable and general in its operation, and have a manifest tendency to promote public health, safety and morality in some aspect. The governing constitutional principles have been discussed often and in great elaboration. *Mutual Loan Co.* v. *Martell*, 200 Mass. 482, affirmed 222 U. S. 225. *Dewey* v. *Richardson*, 206 Mass. 430. *John P. Squire & Co.* v. *Tellier*, 185 Mass. 18. *Wyeth* v. *Cambridge Board of Health*, 200 Mass. 474. *Lemieux* v. *Young*, 211 U. S. 489, 494. *Griffith* v. *Connecticut*, 218 U. S. 563. *Commonwealth* v. *Jacobson*, 183 Mass. 242. *Jacobson* v. *Massachusetts*, 197 U. S. 11. *Lochner* v. *New York*, 198 U. S. 45, 53. *Adair* v. *United States*, 208 U. S. 161. *Laurel Hill Cemetery* v. *San Francisco*, 216 U. S. 358. *Chicago Dock & Canal Co.* v. *Fraley*, 228 U. S. 680. *Minnesota Iron Co.* v. *Kline*, 199 U. S. 593.

This statute is not open to the objection that it is class legislation. It applies to all employers similarly circumstanced. It is not arbitrary, and has a reasonable relation to the public interests. It does not destroy equality before the law, nor create special privileges. *Opinion of the Justices*, 207 Mass. 601, and cases there cited. *Williams* v. *Fears*, 179 U. S. 270. *Adams* v. *Milwaukee*, 228 U. S. 572, 582. *Chesapeake & Ohio Railway* v. *Conley*, 230 U. S. 513, 522. *Lewis Publishing Co.* v. *Morgan*, 229 U. S. 288. "The Legislature is permitted to make a reasonable classification and before a court can interfere with the exercise of its judgment it must be able to say ' that there is no fair reason

for the law that would not require with equal force its extension to others whom it leaves untouched.'" *Barrett* v. *Indiana,* 229 U. S. 26, 30. This statute does not interfere with the pursuit of happiness. It is urged that it hampers the right to conduct business beyond what is reasonable, and thus violates the right to acquire and possess property and to make contracts to that end. The situation in an industrial enterprise when a strike, lockout or other labor disturbance is in progress, manifestly may be quite different from the standpoint of prospective workmen from what it is when peaceful conditions obtain. It is not necessary to enumerate them. Some of them have been adverted to in decisions of this court, and others of a different character readily can be imagined. *Plant* v. *Woods,* 176 Mass. 492. *Nute* v. *Boston & Maine Railroad,* 214 Mass. 184. The social and economic surroundings of an employment might be attractive in the absence of labor troubles, and repulsive when they exist, to considerable numbers of men. Possibly the opposite may be true as to others in society. The disinclination on the part of some to seek employment in the place of strikers may arise from various causes. In view of these considerations it may have been thought that laborers ought to be given a true statement of the condition of labor in this regard, and that any advertisement should give this fact if it exists, as a protection to those who might answer either from a distance or from the neighborhood. It cannot be pronounced unreasonable on the part of the Legislature to take measures to shield those who labor from being induced in ignorance to seek employment in a place where are the features prevailing in a strike. The statute seems to have a reasonable relation to the accomplishment of the end, and the end itself is one within the scope of legislation.

It has been argued that the purpose of the statute is to harass the employer. But this cannot be presumed unless no other rational interpretation is possible. Every assumption is made in favor of the constitutionality of an enactment of the Legislature. This statute has a legitimate purpose and effect in protecting innocent searchers after work from being invited to seek employment where a strike is in progress in ignorance of the true state of affairs. It must be presumed that this was the real purpose of the legislative department.

The statute is not unreasonable in its terms. It requires no more than the statement of a fact, a representation of the truth, in the advertisement or solicitation for employees. It does not undertake to confine the statement to any form of words. It may include such amplification in respect to the details of the truth as the employer desires. If he is suffering from an oppressive or unlawful strike, that fact may be stated. The statute being enacted for the protection of innocent third persons, it is of no consequence whether the strike is justifiable or wrongful. The protection of the public is as important in the one case as in the other. The instructions in this respect in the Crane case were too favorable to the defendant. This being the purpose of the act, it cannot be said that it is invalid because it requires the announcement of the illegal act of others as a condition precedent to the effort to employ labor. If sometimes this may happen, it is incidental and not the necessary aim of the statute.

The statute does not undertake to deny to an employer whose men are on a strike freedom of action in employing others to take their places provided he tells the facts, and hence *Mathews* v. *People,* 202 Ill. 389, is not applicable. The statute under consideration in *Josma* v. *Western Steel Car & Foundry Co.* 249 Ill. 508, was different in its terms from the one now before us, and it is not necessary to discuss it. If, however, there is anything in either of these decisions inconsistent with the conclusion here reached, we are not disposed to follow them.

An attack also is made on the constitutionality of St. 1912, c. 545, which provides that St. 1910, c. 445, "shall cease to be operative when the State Board of Conciliation and Arbitration shall determine that the business of the employer, in respect to which the strike or other labor trouble occurred, is being carried on in the normal and usual manner and to the normal and usual extent. Said board shall determine this question as soon as may be, upon the application of the employer." The argument in support of this contention is founded on the assumption that the only way in which the termination of the labor trouble can be proved is by a finding of the board as pointed out in the statute. It is true that this statute relates to evidence of the cessation of the strike. But it does not undertake

to provide the exclusive method of determining when a strike is at an end. That may be proved by any competent evidence. If a finding is made by the board that the strike is at an end, then there is no limitation upon the right of the employer to advertise for help. If no finding is made, or even if a finding adverse to the employer is made, it is not binding upon an employer. The fact of the cessation of the strike may be proved in any legal way. In any prosecution it is necessary for the Commonwealth to establish that a labor disturbance existed at the time of the advertisement by competent evidence outside the statute. It follows that thus interpreted there is no vesting of judicial functions in a commission by the statute, and that this part of it is not open to objection on constitutional grounds.

The statute is not confined in its operation to cases where the advertisement is printed in more than one newspaper. The plural word "newspapers" is used in a generic sense and applies to a publication in one or more papers.

In each case let the entry be

*Exceptions overruled.*

*J. J. Feely,* (*R. Clapp* with him,) for the defendant Libbey.

*D. D. Corcoran,* for the defendant Crane, submitted a brief.

*H. C. Attwill,* District Attorney, for the Commonwealth in the case against Libbey.

*A. C. Webber,* Assistant District Attorney, for the Commonwealth in the case against Crane.