(117 So. 85)

## FEDERAL AUTOMOBILE INS. ASS'N v. ABRAMS.    (6 Div. 36.)

Supreme Court of Alabama.    May 17, 1928.

**1. Courts ⬤⟿95(2)—That Massachusetts court sustained constitutionality of statutes subsequently enacted in Alabama will not prevent Alabama court from passing thereon (St. Mass. 1914, c. 464, §§ 1, 2; Code 1923, §§ 8376, 8377).**

That decision of Massachusetts Supreme Judicial Court, sustaining constitutionality of St. Mass. 1914, c. 464, §§ 1, 2, declaring indemnity insurer's liability absolute when loss occurs on account of casualty covered by contract, and authorizing suit to apply insurance money to satisfaction of judgment against insured, was rendered before enactment of Code 1923, §§ 8376, 8377, containing like provisions, will not prevent Alabama Supreme Court from passing on constitutionality thereof.

**2. Insurance ⬤⟿635—Bill to satisfy judgment from insurance money held not demurrable as not sufficiently averring injury within contract period.**

In suit to apply insurance money in satisfaction of judgment against insured for personal injuries, amended bill *held* not subject to demurrer for insufficient averments of injury within contract period, where date of injury and duration of contract were specifically averred, considering bill as amended and its exhibits together.

**3. Insurance ⬤⟿629(1)—Bill to satisfy judgment from insurance money held sufficiently to aver final judgment, without averring that neither motion for new trial nor appeal was pending (Code 1923, §§ 8376, 8377).**

Averments that judgment against insured was duly rendered and entered in accordance with jury's verdict, that it had not been satisfied, and that more than 30 days had elapsed since its rendition, sufficiently averred due process to "final judgment" within Code 1923, §§ 8376, 8377, though not averring that neither motion for new trial nor appeal was pending when bill to apply insurance money to satisfaction of judgment was filed.

**4. Appeal and error ⬤⟿917(1)—Insurance ⬤⟿646(1)—Court will not presume, without pleading, that motion for new trial or appeal was pending when bill to satisfy judgment from insurance money was filed (Code 1923, § 8377).**

Neither trial court, in equity, nor Supreme Court, on appeal from decree overruling demurrer to bill to apply insurance money to satisfaction of judgment against insured for personal injury, will presume that motion for new trial or appeal from judgment was pending when bill was filed, in absence of appropriate plea or answer raising question whether bill was prematurely brought, under Code 1923, § 8377.

**5. Constitutional law ⬤⟿243, 249, 299, 309(1)—Statutes declaring indemnity insurer's liability absolute when loss occurs within contract, and authorizing suit against insurer by person injured in own name, after obtaining judgment against insured, held constitutional (Const. U. S. Amend. 14, § 1; Code 1923, §§ 8319 et seq., 8376, 8377).**

Code 1923, §§ 8376, 8377, providing that indemnity insurer's liability shall become absolute when loss covered by contract occurs, and authorizing one recovering judgment against insured for such loss to sue insurer in his own name, do not violate due process and equal protection clauses of Const. U. S. Amend. 14, § 1, in view of Code 1923, § 8319 et seq.; clause as to absolute liability meaning only that insurer's liability, so far as affecting amount of loss, will not be open to dispute or controversy.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Constance Abrams against the Federal Automobile Insurance Association and another. From a decree overruling its demurrer to the bill, defendant insurance association appeals. Affirmed.

Clause 5 of the insurance contract is as follows:

"Against loss resulting directly from the manipulation or use of the automobile described herein by reason of the liability imposed by law upon the subscriber for damages on account of bodily injuries (including death resulting therefrom), accidentally inflicted upon any person or persons not in the employ or household of the subscriber, or related to him by blood or marriage, during the contract period, liability at the exchange being limited to $5,000 for injury to or death of any person, and subject to the same limit for each person, limited to $10,000 for any one accident involving injury to or death of several persons. In addition to these limits, however, the exchange will also pay the cost and expense attendant upon the investigation, adjustment, and settlement of claims, all costs taxed against the subscriber in any legal proceedings defended by the exchange, as provided in condition B, and all interest accruing after entry of judgment upon such part thereof as shall not be in excess of the exchange's liability as herein expressed, and such immediate surgical relief as is imperative at the time of the accident."

London, Yancey & Brower, and Frank Bainbridge, all of Birmingham, for appellant.

The complaint should have averred that the casualty occurred during the time the policy of insurance was in force and effect. It does not sufficiently appear that the judgment obtained by complainant is a final judgment. Appeal of Bixler, 59 Cal. 550; Blanding v. Sayles, 23 R. I. 226, 49 A. 992; Annis v. Bell, 10 Okl. 647, 64 P. 11. Appellant is not such an insurance company, and the agreement is not such a contract of insurance, as is contemplated by the statutes. Supreme Ruler, etc.,

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

v. Darwin, 201 Ala. 687, 79 So. 259; Engineers, etc., Co. v. Hughes, 201 Ala. 58, 77 So. 352. The provision of section 8376, making absolute the liability of the insurance company for loss arising from a casualty covered by the contract, renders the statute void, as impairing the obligations of the contract and depriving the company of its property without due process of law.

Leader & Ullman and C. S. Wurtzburger, all of Birmingham, for appellee.

The statutes are constitutional. Whitfield v. Ætna Ins. Co., 205 U. S. 489, 27 S. Ct. 578, 51 L. Ed. 895; Hancock v. Warren, 181 U. S. 73, 21 S. Ct. 535, 45 L. Ed. 755; Knights Templar, etc., v. Jarman, 187 U. S. 197, 23 S. Ct. 108, 47 L. Ed. 139; City R. Co. v. Citizens' St. R. Co., 166 U. S. 557, 17 S. Ct. 653, 41 L. Ed. 1114; Lorando v. Gethro, 228 Mass. 181, 117 N. E. 185, 1 A. L. R. 1374; Globe Ind. Co. v. Martin, 214 Ala. 646, 108 So. 761. If defendant Jordan was not insured against the loss sustained by complaint, this is defensive matter. The averment as to final judgment is sufficient. State v. Wood, 23 N. J. Law, 560; 3 C. J. 441; Ex parte Jonas, 186 Ala. 567, 64 So. 960; Stallworth v. Brown, 155 Ala. 217, 46 So. 467; Tatum v. Yahn, 130 Ala. 575, 29 So. 201; Beall v. Lehman Co., 128 Ala. 165, 29 So. 12; Code 1923, § 8378. The policy in suit is within the purview of section 8376. Code 1923, §§ 8384, 8319, 8327, 8340, 8341, 8354.

THOMAS, J. The appeal was from the ruling on demurrer. This is a proceeding in equity under the provisions of sections 8376 and 8377 of the Code of 1923. The complainant was injured in an automobile accident, and obtained a judgment against the respondent therefor. The bill, as last amended, alleges that the respondent, Federal Automobile Insurance Association, a reciprocal insurance association, issued a policy of insurance to the said respondent, Fannie E. Jordan, on April 14, 1925, under the terms of which it agreed to indemnify her against loss resulting directly from the operation of the automobile which injured the complainant. The chancellor overruled the amended demurrer to the bill as last amended, and this action of the trial court is presented for review.

[1] The constitutionality of the two sections of the Code (sections 8376, 8377) under which the instant suit was brought has not been passed upon by this court. These sections were first enacted in Massachusetts, and its Supreme Court announced that both sections were constitutional. Lorando v. Gethro, 228 Mass. 181, 117 N. E. 185, 1 A. L. R. 1374. This case was adverted to in Globe Indemnity Co. v. Martin, 214 Ala. 646, 108 So. 761, and these sections are held not to be retroactive. And in the case of United States Fidelity & Guaranty Co. v. Yeates (Ala. Sup.) 115 So. 174,[1] said sections of the Code were again considered on a demurrer to the bill, where the question of the constitutionality was not involved or decided. The cases of Globe Indemnity Co. v. Martin and Lorando v. Gethro, supra, are cited with approval in the Yeates Case, supra. It should be further noted that Alabama and Massachusetts are the only states that have adopted the provisions of our statutes now under consideration, and that the decision sustaining the constitutionality (Lorando v. Gethro, supra) was rendered prior to the enactment here. This fact, however, will not prevent us from passing upon the constitutionality of said statutes.

[2] It is urged that it does not sufficiently appear, from the allegations of the bill, that the defendant in the law court (Jordan) was insured against the damage or loss sustained by complainant at the time the right of action against her arose. These facts are shown by the amended pleading. The date of the injury and duration of the contract of insurance are specifically averred, when the bill as amended and its exhibits are considered together. Grimsley v. First Ave. C. & L. Co. (Ala. Sup.) 115 So. 90,[2] and authorities. The bill as last amended was not subject to demurrer directed thereto, as to the foregoing ground of demurrer challenging the sufficiency of the averment of injury within the life of the contract period.

[3, 4] The averments of paragraphs 5, 6, and 7 of the bill, as amended, and their relation to the other averments contained therein, are sufficient averments of due process to a *final judgment* in favor of complainant and against defendant in such trial—the assured —duly rendered and entered in accordance with the verdict of the jury, that the same had not been satisfied, and more than 30 days had elapsed since the rendition of said judgment. It was the averment of such a final judgment (Lewis v. Martin, 210 Ala. 401, 410, 98 So. 635) entered upon and pursuant to the verdict that was within the purview of sections 8376, 8377 of the Code, and the general acceptation of the words "*final judgment.*" For general definitions of a final judgment, see 3 C. J. 441, and that by this court in Lewis v. Martin, supra; Ex parte Jonas, 186 Ala. 567, 574, 64 So. 960; Beall v. Lehman, Durr Co., 128 Ala. 165, 29 So. 12; Tatum v. Yahn, 130 Ala. 575, 29 So. 201; Stallworth v. Brown, 155 Ala. 217, 46 So. 467; De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265. It was not necessary for complainant to aver that neither a motion for new trial nor an appeal was pending when the instant bill was filed. If such be the fact, it would have been the subject of appropriate defensive pleading to show that the bill was prematurely filed. The trial court, in equity, or this court, will presume such appeal or motion, in the absence of an appropriate plea or answer raising the question of right to maintain the bill.

---

[1] Ante, p. 150.

[2] Ante, p. 159.

[5] Thus we are brought to the assignment of error that deals with the constitutionality of the statute. The case of Lorando v. Gethro, 228 Mass. 181, 117 N. E. 185, is made the subject of report and annotations in 1 A. L. R. pp. 1374, 1375, to the effect that a state statute for the attaching of liability of indemnity insurance becomes absolute when loss occurs that is covered by the contract and does not "destroy any ground of defense which may exist against the claim made"; that those entering into contracts given "special force and effect by statute are held to contemplate and assent to the force and effect which the statute attributes to them"; and that no organic right is invaded by the Legislature establishing appropriate forms of relief for existing rights, or such as are rightly created; and providing equitable procedure for the protection and enforcement of the rights of such respective parties. That suit in equity was by reason of Stat. Mass. 1914, c. 464, §§ 1, 2; the same being in form and effect as our sections 8376, 8377. 1 A. L. R. 1375, 1376, 1378. And the demurrer challenged its constitutionality. The court said of the term "loss" as used in section 1 (section 8376, Code of Ala. 1923):

"A 'loss occurs on account of a casualty' as the words here are used, not when the casualty happens, but when the damages resulting from that casualty have been fixed in any legal way. 'Loss' in this connection means the actual financial obligation of the insured, measured in money, in respect of the casualty against which he is insured. Ordinarily in cases of dispute that loss can be ascertained only by the judgment of a court. It can 'occur,' in the sense of the statute only when so ascertained.

"The clause following, namely, 'the liability of the insurance company shall become absolute,' in its context, means only that the liability of the insurance company, so far as concerns the amount of the loss, shall not thereafter be open to dispute. The insurer's liability is absolute only in respect of the amount of the loss and not in other respects."

The Massachusetts court said of the provisions of section 8377, Code:

"The second section establishes a temporary lien in favor of one who has put the damages resulting to him from the casualty insured against in the form of a judgment, on the amount due under the policy as between the insured and the insurer. It also affords him the usual remedies of a judgment creditor (Rioux v. Cronin, 222 Mass. 131, 109 N. E. 898), or the special equitable attachment provided by Rev. Laws, c. 159, § 3, cl. 7.

"The Legislature has power, under the Constitution, to enact the statute as thus interpreted. Said Chief Justice Knowlton in New York L. Ins. Co. v. Hardison, 199 Mass. 190, 198, 85 N. E. 413, 127 Am. St. Rep. 478: 'The Legislature has large powers for the regulation of the business of insurance. It may act under the police power for the protection of the public, or it may act as the creator and controller of corporations, domestic and foreign, which are subject to this power. This has been decided in many cases in this commonwealth and elsewhere.' * * *

"No constitutional right of the insurer or of the insured is violated by enabling one who has recovered a judgment against the latter on a liability, against loss from which he is protected by contract with the insurer, to bring a suit in his own name. Such a judgment creditor has a direct interest in the performance of the undertakings in the contract of casualty insurance. It may be that the only source from which his debtor can secure money enough to pay his judgment will be from the proceeds of that insurance contract. See German Alliance Ins. Co. v. Home Water Co., 226 U. S. 220, 230, 57 L. Ed. 195, 199, 42 L. R. A. (N. S.) 1000, 33 S. Ct. 32.

"The subject of insurance is of such general public interest as to be under the control of the Legislature within rational limits. When a statute has been enacted governing any particular part of the field of insurance, the parties entering into contracts respecting that field are presumed to do so with reference to the obligations and terms established by that statute. * * *

"The instant statute is a declaration of public policy by the general court respecting one aspect of casualty insurance. It is a declaration as to a subject within its general power of regulation. It governs contracts made after it took effect. It is not retroactive. Its terms are reasonable, and violate no right secured by the Constitution. It is well within the principle of numerous decisions where statutes more or less interfering with the freedom of contract have been upheld. Mutual Loan Co. v. Martell, 200 Mass. 482, 86 N. E. 916, 43 L. R. A. (N. S.) 746, 128 Am. St. Rep. 446, affirmed in 222 U. S. 225, 32 S. Ct. 74, 56 L. Ed. 175, Ann. Cas. 1913B, 529; Dewey v. Richardson, 206 Mass. 430, 92 N. E. 708; Com. v. Strauss, 191 Mass. 545, 78 N. E. 136, 11 L. R. A. (N. S.) 968, 6 Ann. Cas. 842; Com. v. Libbey, 216 Mass. 356, 103 N. E. 923, 49 L. R. A. (N. S.) 879, Ann. Cas. 1915B, 659; John P. Squire & Co. v. Tellier, 185 Mass. 18, 69 N. E. 312, 102 Am. St. Rep. 322."

A provision analogous to the second provision of the statute upheld in the Lorando Case was the subject of consideration, and its constitutionality upheld and declared not in conflict with section 1, Amendment 14, of the Constitution of the United States, in Verducci v. Casualty Co. of Amer. (1917) 96 Ohio St. 260, 117 N. E. 235.

In Whitfield v. Ætna Ins. Co., 205 U. S. 489, 27 S. Ct. 578, 51 L. Ed. 895, 898, it is declared that police power as to the subject of insurance and the exclusion of the defense of suicide, unless contemplated at the time of application for policy, is a legitimate exertion of the power by the state. It is said:

"An insurance company is not bound to make a contract which is attended by the results indicated by the statute in question. If it does business at all in the state, it must do so subject to such valid regulations as the state may choose to adopt. Even if the statute in question could be fairly regarded by the court as inconsistent with public policy or sound morality,

it cannot, for that reason alone, be disregarded; for it is the province of the state, by its Legislature, to adopt such a policy as it deems best, provided it does not, in so doing, come into conflict with the Constitution of the state or the Constitution of the United States. There is no such conflict here. The legislative will, within the limits stated, must be respected, if all that can be said is that, in the opinion of the court, the statute expressing that will is unwise from the standpoint of the public interests. See Northwestern Nat. L. Ins. Co. v. Riggs, 203 U. S. 243, 27 S. Ct. 126, 51 L. Ed. 168."

This, in effect, supports the decision in the Lorando Case. The power of the state Legislature to define public policy in respect to insurance and impose conditions on the transaction of that business, within the state, was declared that same may be done without violation of the Federal Constitution. John Hancock Ins. Co. v. Warren, 181 U. S. 73, 21 S. Ct. 535, 45 L. Ed. 755; Knights Templars, etc., v. Jarman, 187 U. S. 197, 23 S. Ct. 108, 47 L. Ed. 139; Orient Ins. Co. v. Daggs, 172 U. S. 557, 19 S. Ct. 281, 43 L. Ed. 552; Waters-Pierce Oil Co. v. Texas, 177 U. S. 28, 20 S. Ct. 518, 44 L. Ed. 657.

The policy exhibited by the pleading was that of indemnity to said Jordan against loss resulting, within the contract period, directly from manipulation or use of the motor vehicle indicated, by reason of liability imposed by law upon the assured for damages on account of bodily injuries inflicted upon persons not in the employ of assured—subscriber—or related to him by blood or marriage, while said insurance contract was in force. See clause 5 of insurance to subscriber named, F. E. Jordan, who was the defendant in suit at law resulting in a final judgment, and upon which the instant suit, in equity, is founded.

The subject of insurance is specifically dealt with by statutes of this state, such as section 8319 et seq., Code of 1923, creating the bureau of insurance (section 8327, Code), with enlarged powers, duties, and that of due administration, and charged with duties of supervision, regulation and control of the business of insurance within the state; "and the superintendent of insurance shall exercise the same control over the insurance companies or associations, mutual aid companies, fraternal societies, inter-insurance exchanges, their officers, agents and representatives, and shall collect from them all taxes, fees, and penalties as are required by law, or may hereafter be required by law"; that (section 8340, Code) "when consistent with the context, and not obviously used in a different sense, the term 'company' or 'insurance company,' as used in this article includes all corporations, associations, partnerships, or individuals engaged, directly or indirectly, as principal in any business of insurance." Section 8341 of the Code defines a contract of insurance as an agreement for consideration and promise to pay money, or equivalent, or to do some act

of value to the assured "upon the destruction or injury of something in which the other party has an insurable interest." Section 8354 of the Code excepts "any fire insurance company underwriting the property of cotton manufacturers exclusively, * * * any secret benevolent society; such as Masons, Odd Fellows, Knights of Pythias, Ancient Order of United Workmen, National Union, or other orders of like kind, * * * any insurance company organized under the authority and patronage of any church or religious denomination for the exclusive purpose of insuring the property of churches or religious denominations and the personal property of pastors and ministers against loss or damage by fire, lightning, or storms;" and sections 8376, 8377, create and define the remedy to be applied and the procedure to be pursued to recovery as per contract terms.

It is further provided by section 8384, Code, that:

"Individuals, partnerships and corporations of this state, hereby designated subscribers, are authorized to exchange reciprocal or inter-insurance contracts with each other, or with individuals, partnerships and corporations of other states and countries, providing indemnity among themselves from any loss which may be insured against under other provisions of the laws, excepting life insurance,"

—and such reciprocal or interinsurance exchange contracts are subject to, and are insurance contracts within, the meaning of sections 8376, 8377, of the Code.

The decisions in Supreme Ruler, etc., v. Darwin, 201 Ala. 687, 79 So. 259, and Locomotive Engineers' Mut. L. & A. Ass'n v. Hughes, 201 Ala. 58, 77 So. 352, as to fraternal benefit insurance, are not to the contrary. The certificate before us for reciprocal or interinsurance exchange is for indemnity and casualty risks as against loss or damage, on account of bodily injury or death by accident to any person, for which loss or damage such person, firm, or corporation is responsible, etc. Section 8377, Code of 1923.

The clause of said statute (section 8376) that "the liability of the insurance company shall become absolute" means only that the liability of the insurance company, so far as it affects the *amount of the loss*, shall not thereafter be open to dispute or controversy. Thus is given full force and effect to the contracts of the parties within the law and yet the right of due process and equal protection of the laws observed.

Mr. Chief Justice Rugg aptly observed, in Lorando v. Gethro, 228 Mass. 185, 117 N. E. 187, 1 A. L. R. 1377, the following:

"Whatever conditions are imposed by that contract, whether as to written notice by the insured to the insurer of any accident and claim, the delivery to the insured of summons in case of action instituted, as to time of bringing action on the policy, or otherwise, are left in full force, unaffected by this clause.

"This clause also leaves open for determination the question whether the policy of insurance covers the casualty in issue, or whether otherwise the insurer is liable to the assured. It does not prohibit any ground of defense which ordinarily would be open to an insurer in an action brought against it by the assured on the policy. It forecloses only the ground that the amount of the loss shall not be open to dispute. As to that subject, it provides that the 'loss,' as that word is used in contracts of casualty insurance, shall mean loss as we have defined it, and that its meaning in that respect shall not be modified, affected, or limited by stipulations between the parties."

The decree of the circuit court in equity is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, and BROWN, JJ., concur.

