155 So. 355

### KRATZ et al. v. BONNER.

### 6 Div. 557.

Supreme Court of Alabama.

June 7, 1934.

See, also, 228 Ala. 607, 155 So. 77.

C. J. Griffith, of Birmingham, for appellants.

J. P. Mudd, of Birmingham, for appellee.

KNIGHT, Justice.

This appeal is prosecuted from an interlocutory decree of the circuit court, in equity, overruling respondents' demurrer to the bill of complaint in said cause.

It appears from the bill that the complainant received a bodily injury, as a result of

**20**

the alleged negligence of the respondent Kratz; that thereafter the complainant recovered judgment in the circuit court of Jefferson county against the said Kratz; that said judgment was not paid within thirty days after its rendition, nor at the time this suit was filed.

It is also made to appear from the averments of the bill that at the time the injury occurred, the said Kratz had a contract of insurance with the respondent Employers' Insurance Company of Alabama, whereby the latter insured the said Kratz against loss or damage on account of the bodily injury or death by accident of any person.

The purpose of this suit is to have the insurance money provided for in the said contract of insurance applied to the satisfaction of the judgment secured by the complainant against the said Kratz.

Quite a number of grounds of demurrer were interposed to the bill.

The only argument submitted by appellants in support of their contention, that the court committed error in overruling their demurrer, is contained in the following words: "We realize that this Court has held sections 8376 and 8377 constitutional, but insist that it is not. We will not make an extended argument but will say that it takes property without due process of law."

This court is committed to the constitutionality of the above-mentioned sections of the Code. Federal Automobile Ins. Co. v. Abrams, 217 Ala. 539, 117 So. 85. Appellants' argument fails to convince us that we were in error in our holding.

The decree of the circuit court, as for any grounds of demurrer here argued, is due to be, and is, affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.