Isaac Knox, Jr., and Isaac Knox III appeal from the trial court's September 25, 2003, order dismissing their claim against Western World Insurance Company ("Western World") seeking declaratory relief. We affirm.
 I. Facts and Procedural History
Isaac Knox III and Timothy Kirk Bowman, an employee of Youngblood Trucking Company ("Youngblood Trucking"), were involved in a motor-vehicle accident on October 5, 2002. At the time of the accident, Bowman was driving a vehicle owned by Youngblood Trucking. As a result of *Page 322 
the accident, Adrianne Knox, the sister of Isaac Knox III and a passenger in his car at the time of the accident, was killed. Isaac Knox III suffered severe permanent and disabling injuries from the wreck.
Isaac Knox III and his father Isaac Knox, Jr., as the personal representative of the estate of Adrianne Knox, sued Bowman; Youngblood Trucking; Youngblood Coal Sales, LLC; and Hobart Randy Youngblood and Teresa Youngblood[1] alleging negligence and wantonness. The Knoxes also brought a claim alleging fraud and deceit against Youngblood Trucking, Hobart Randy Youngblood, and Teresa Youngblood; a breach-of-contract claim against Youngblood Trucking; and a negligent- or wanton-retention claim against Youngblood Coal Sales, LLC. The Knoxes amended their complaint to add Western World, the insurance carrier for Youngblood Trucking, as a defendant and to seek a declaration of the rights and obligations of the parties with respect to "the nature, amount, and extent of liability insurance available from all liability carriers who have or may have coverage for any of the [claims alleged in the pending action]." Western World filed a motion to dismiss the Knoxes' declaratory-judgment claim; the trial court granted that motion on September 25, 2003. The Knoxes thereafter filed a motion to vacate the trial court's order dismissing the Knoxes' claim for declaratory relief against Western World. On December 4, 2003, the Knoxes filed a "motion for severance of claims and for final judgment" in which they asked the trial court to "enter an order severing the plaintiffs' claims against [Western World]" and "to make the order denying plaintiffs' motion to vacate the judgment dismissing plaintiffs' complaint for declaratory relief final." In response, on December 11, 2003, the trial court denied the Knoxes' motion to vacate and severed the Knoxes' claim for declaratory relief. The trial court stated in its December 11 order, "The order denying plaintiff's motion to vacate and dismissing the claim for declaratory relief against [Western World] is made final under Rule 54(b)." This appeal followed.
 II. Standard of Review
In Nance v. Matthews, 622 So.2d 297 (Ala. 1993), this Court stated the standard of review applicable to a ruling on a motion to dismiss:
 "On appeal, a dismissal is not entitled to a presumption of correctness. The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle [it] to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [it] may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief."
622 So.2d at 299 (citations omitted).
 III. Analysis
The pertinent issue before this Court is whether a tort claimant may bring a claim for declaratory relief against a tortfeasor's liability insurance company before a final judgment determining the tortfeasor's liability has been entered in the case.
The Knoxes maintain that their right to a declaratory judgment in the present case *Page 323 
arises from the Declaratory Judgment Act, § 6-6-220 et seq., Ala. Code 1975, not the direct-action statute applied by this Court in Maness v. Alabama Farm Bureau Mutual Casualty InsuranceCo., 416 So.2d 979 (1982). The Knoxes argue that the Declaratory Judgment Act allows relief to any person whose rights are affected by a written contract. The Knoxes contend that "[t]his Court has often noted that insurance contracts are appropriate subjects of declaratory relief." The Knoxes also assert that they have standing to request a declaration of the limits of the liability insurance under the insurance contract between Western World and Youngblood Trucking for the same reasons that insurance companies have standing to request a declaration of the rights and obligations of injured parties. The Knoxes argue that because an injured party who has initiated a lawsuit against an insured party is a material party to a declaratory-judgment claim asserted by an insurer, as this Court held in AmericanAutomobile Insurance Co. v. English, 266 Ala. 80, 94 So.2d 397
(1957), the injured party is also material to any declaratory-judgment claim the party itself asserts arising out of the lawsuit. The Knoxes also argue that they have standing to bring the declaratory-judgment action pursuant to the Alabama Motor Vehicle Safety-Responsibility Act, § 32-7-1 et seq., Ala. Code 1975, and Rule 26(b)(2), Ala. R. Civ. P., which allows a party to "obtain discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action." The Knoxes aver that such discovery as contemplated by Rule 26(b)(2) promotes judicial economy and prudent application of pretrial resources. The Knoxes argue that when this discovery is not readily available from the insurance company, as in the present case, a declaratory judgment may be necessary.
Western World argues that pursuant to § 27-23-1 and § 27-23-2, Ala. Code 1975, the Knoxes do not have standing to bring a declaratory-judgment action against it because a final judgment has not been entered against its insured, Youngblood Trucking. Without a final judgment, Western World argues, the Knoxes have not suffered a legal loss and Western World does not have a direct obligation to pay the Knoxes any amount. Western World cites Maness v. Alabama Farm Bureau Mutual Casualty InsuranceCo., supra, for the proposition that an injured third party is prohibited from bringing a direct action against an insurer until such time as there is an unpaid judgment against the insured. Western World argues that the Knoxes' claim is not ripe for adjudication until such a judgment has been entered. We agree.
Regardless of personal views on the merits of the Knoxes' policy argument, this Court is bound by the laws enacted by the Legislature, specifically § 27-23-1 and § 27-23-2, Ala. Code 1975, dealing with the substantive rights of injured parties with respect to insurance policies issued to a tortfeasor. Section27-23-1 and § 27-23-2 describe the parameters of an injured party's right to bring an action against the issuer of a contract insuring against the occurrence of a casualty for which the insured is responsible. Section 27-23-1 states:
 "As to every contract of insurance made between an insurer and any insured by which such insured is insured against loss or damage on account of the bodily injury or death by accident of any person for which loss or damage such insured is responsible, whenever a loss occurs on account of a casualty covered by such contract of insurance, the liability *Page 324 
of the insurer shall become absolute and the payment of the loss shall not depend upon the satisfaction by the insured of a final judgment against him for loss, or damage or death occasioned by the casualty. No such contract of insurance shall be cancelled or annulled by any agreement between the insurer and the insured after the insured has become responsible for such loss or damage, and any such cancellation or annulment shall be void."
(Emphasis added.) This section thus provides that an insurer's liability does not become absolute until a loss occurs. InFederal Automobile Insurance Association v. Abrams,217 Ala. 539, 541, 117 So. 85, 87 (1928), this Court quoted with approval the following language from Lorando v. Gethro, 228 Mass. 181,184, 117 N.E. 185, 187 (1917):
 "`A "loss occurs on account of a casualty" as the words here are used, not when the casualty happens, but when the damages resulting from that casualty have been fixed in any legal way. "Loss" in this connection means the actual financial obligation of the insured, measured in money, in respect of the casualty against which he is insured.'"
Thus, the insurer's liability to the injured party does not attach until the point a which "the damages resulting from that casualty have been fixed in any legal way." 217 Ala. at 541,117 So. at 87. This principal is also founded in § 27-23-2, Ala. Code 1975, which defines the rights of an injured party when he or she becomes a judgment creditor:
 "Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury, or death or for loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment."
(Emphasis added.) This Court has interpreted § 27-23-1 and §27-23-2 to preclude an injured party from bringing an action against an insurer before the injured party has recovered a final judgment against the insured. Specifically, this Court in Manessv. Alabama Farm Bureau Mutual Casualty Insurance Co., 416 So.2d at 981-82, held that "the injured party . . . can bring an action against the insurer only after he has recovered a judgment against the insured and only if the insured was covered against the loss or damage at the time the injured party's right of action arose against the insured tort-feasor." While the Knoxes contend they are asserting their right to a declaratory-judgment action under the Declaratory Judgment Act[2] and the Alabama Motor *Page 325 
Vehicle Safety-Responsibility Act, those statutes do not undermine the clear wording of § 27-23-1 and § 27-23-2, which precludes the Knoxes from asserting a direct action against Western World before a final judgment is rendered against Youngblood Trucking. In Love v. Rennie, 254 Ala. 382, 389,48 So.2d 458, 465 (1950), this Court stated:
 "An eminent authority in the field has summarized the prerequisites of action for declaratory judgment in this way: ` . . . the conditions of the usual action, procedural and substantive, must always be present, namely, the competence or jurisdiction of the court over parties and subject-matter, the capacity of the parties to sue and be sued, the adoption of the usual forms for conducting judicial proceedings (including process, pleadings, and evidence), the existence of operative facts justifying the judicial declaration of the legal consequences, the assertion against an interested party of rights capable of judicial protection, and a sufficient legal interest in the moving party to entitle him to invoke a judgment in his behalf. . . .' Borchard, Declaratory Judgments, 2d Ed. (1941), p. 26."
(Emphasis omitted; emphasis added.) To permit the procedural device of a remedy by way of a declaratory judgment to interfere with substantive rights defined in § 27-23-1 and § 27-23-2 would run afoul of the foregoing limitations recognized in Love.
Indeed, in Maness, this Court observed, "the issue is whether a plaintiff in a personal injury action who has been made a defendant in a declaratory judgment action brought by one insurer can in effect bring a declaratory judgment action against other insurers by using cross-claims." 416 So.2d at 981 (emphasis added). The Maness Court then held:
 "We hold that the cross-claims of the Manesses against the insurance carriers are a form of direct action against an insurance carrier and not allowable under Alabama law because an injured party cannot bring a direct action against the insurance carrier, absent a final judgment against its insured, see, Code 1975, §§ 27-23-1 and -2."
416 So.2d at 982.
Nevertheless, the Knoxes do have a right, pursuant to Rule 26(b)(2), Ala. R. Civ. P., to discover the existence and contents of the insurance contract between Youngblood Trucking and Western World. It is undisputed that the Knoxes have received a copy of the insurance policy between Youngblood Trucking and Western World. While this Court, by promulgating Rule 26(b)(2), recognized the discoverability of an insurance agreement, that rule of procedure cannot be used as a springboard to permit an injured party to bring a declaratory-judgment action before a final judgment has been issued against the insured. Such a result would give Rule 26(b)(2) a substantive field of operation, which is not permissible for rules of procedure. See § 12-2-7(4) ("The Supreme Court shall have authority . . . [t]o make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts; provided, that such rules shall not abridge, enlarge, or modify the substantive right of any party. . . .").
 IV. Conclusion
For the reasons stated above, we affirm the trial court's September 25, 2003, order *Page 326 
dismissing the Knoxes' claim against Western World for declaratory relief.
AFFIRMED.
HOUSTON, SEE, JOHNSTONE, and WOODALL, JJ., concur.
[1] Although it is not clear from the record, Hobart Randy Youngblood and Teresa Youngblood apparently are the principals in the various companies.
[2] Several other jurisdictions that have applied the same or a similar declaratory-judgment act to the issue here presented have held that a plaintiff does not have standing to bring the declaratory-judgment action until he or she has established the defendant's liability. See Farmers Insurance Exchange v.District Court for the Fourth Judicial District, 862 P.2d 944
(Colo. 1993) (a plaintiff lacks standing to bring a declaratory-judgment action against the defendant's insurance company before obtaining a judgment against the defendant);Knittle v. Progressive Cas. Ins. Co., 112 Nev. 8, 908 P.2d 724
(1996) (a declaratory-judgment action by an injured party against the insurer presented no justifiable controversy ripe for judicial determination while no action to determine the liability of the insured had been decided); Boyle v. National Union FireIns. Co., 866 P.2d 595 (Utah Ct.App. 1993) (it is premature for an injured party to file a declaratory-judgment action against the insurer before a determination that the insured was in fact liable).