## Moore *v.* Smith et al.

[No. 4,236.   Filed June 27, 1902.]

Estoppel.—*Sale of Mortgaged Property.*—Where the holder of a chattel mortgage on certain corn, as agent for the owner of the corn, sought a purchaser who was ignorant of the mortgage, and induced him to buy the corn, upon his assurance that it was clear of all liens and claims, except that he, the agent, was entitled to a specified amount out of the proceeds, by agreement between him and the owner, which was paid him, he can not thereafter enforce his mortgage as against the purchaser.

From Hamilton Circuit Court; *J. F. Neal,* Judge.

Suit by Ransom S. Moore against Arza Smith and others to enforce a chattel mortgage. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*I. W. Christian, W. S. Christian* and *E. E. Cloe,* for appellant.

*G. Shirts* and *W. R. Fertig,* for appellees.

Black, J.—The appellant brought his suit upon a chattel mortgage executed to him by one Rodocker on certain growing crops of corn on the 1st of June, 1899, it being alleged that the appellees Smith & Shelby purchased the corn,—from whom is not stated,—and refused to pay the appellant therefor, and deny his rights and liens therein. The overruling of the appellant's demurrer to the fourth paragraph of the answer of the appellees is assigned as error. This answer showed that in September, 1899, the appellant went to the place of business of the appellees, who were engaged in the business of buying and shipping grain, and, as agent for the mortgagor, solicited the appellees to purchase the corn, and, to induce them to do so, represented and stated to them that the corn was clear of all liens and claims, except that he, the appellant, was entitled to the payment of $120 out of the proceeds of the corn by agreement between him and Rodocker; that the appellees relied upon these representations and statements of the appellant, and had no

knowledge of the existence of the mortgage, and, so relying, were induced to purchase and did purchase the corn and then and there entered into a written contract for the purchase of the corn from the appellant, as such agent.

The contract was set out, signed by J. C. Rodocker, per R. S. Moore, and by Shelby & Smith, and purported to certify that "I have sold to Shelby & Smith," etc., five cornfields, stating their locations, "one-half of all the fields, or my interest therein, supposed to be 1,200 bushels, more or less, for which Shelby & Smith promise to pay," etc., delivered at their elevator at Sheridan, Indiana, by December 25, 1899, "for which we pay R. S. Moore $120, and the balance when the corn is delivered. The said Rodocker further agrees to deliver the said corn in good condition, sound and dry."

It was alleged that the appellees then and there paid appellant $120 on the purchase price of the corn, according to the terms of said writing; that Rodocker failed to deliver the corn, and, at his special instance and request, the appellees procured another person to gather and deliver the corn at their place of business, and paid him therefor, on account of Rodocker, the reasonable value of the labor of gathering and delivering it, being five cents per bushel; that the appellees received only 663 bushels, and said person refused to deliver more, and Rodocker failed to deliver the same; that the appellees paid out on account of Rodocker, and at the special instance of the appellant, with his knowledge and consent, all the remainder of the purchase price of the corn so delivered, after deducting the expenses of delivering the same, except the sum of $2.60; that the appellees were damaged by the failure to deliver the remainder of the corn according to said contract in the sum of $25, which it was alleged was due and unpaid. It was also alleged that the appellees had set off and applied on said balance of the purchase price of the corn received a like amount of the damages so sustained by them, and that they were

Moore *v.* Smith.

not indebted on account of said purchase in any sum to the appellant or to Rodocker.

Though the record of the mortgage alleged in the complaint was constructive notice to the appellees, and they were thereby put upon inquiry as to the interest of the mortgagee, yet, if pursuing such inquiry they had sought the mortgagee, they, as against him, might safely rely in good faith on his assurances. In the case here presented, the mortgagee himself sought out the appellees, who were ignorant of the mortgage, and, as agent for the owner and mortgagor, induced the appellees to buy the property absolutely, upon the mortgagee's assurance that it was clear of all liens and claims, except that the agent was entitled to a specified amount out of the proceeds by agreement between him and Rodocker. He, in effect, denied that he had a lien on the corn. If it be proper to say that the amount paid to appellant was paid to him as agent, he was content upon such payment to execute the contract, which he did as agent, whereby the entire residue of the price of all the corn sold was made payable to his principal. By making the contract as agent he asserted the right of his principal to sell the corn on the terms of the written contract so executed by him.

After his so procuring and making the contract, and after its having been acted upon by his principal and the appellees with the agent's knowledge and consent, and at his special instance, he can not be heard to assert a prior claim as mortgagee upon the same property as against the rightful claims of one party to the contract against the other party thereto, growing out of its terms and the performance of its stipulations. He can not be allowed to assume a position antagonistic to that taken by the appellees by his procurement, at least after the appellees have fully executed their contract with his principal, under the circumstances alleged.

Judgment affirmed.