[No. 6221.]

THE UNITED STATES FIDELITY AND GUARANTY COMPANY v. NEWTON.

1. **Surety—Liability**—In an action on an employee's bond, demanding moneys alleged to have been embezzled by such employee, the plaintiff must show that the embezzlement was within the terms and provisions of the bond.—(385)

2. **Appeals—Questions Not Presented Below**—The court of review will accept the pleadings in the sense in which, as clearly appears by the record, they were construed and accepted by the parties in the court below.—(385)

3. **——What May Be Assigned for Error**—The appellant is not to be heard to complain of the ruling of the court below in which, at the time, he acquiesced.—(388)

4. **——Defective Abstract—Presumptions to Support Judgment**—Where the abstract fails to set forth the evidence, it is presumed that the findings of the referee, approved by the trial court, were warranted by the evidence.—(386, 387)

5. **——Harmless Error**—The modification of the findings of a referee, by the district court, as to matters not in issue, is harmless, even if erroneous.—(389)

6. **Evidence—Judicial Notice**—The court takes judicial notice of the date of the institution of an action, as appears by the records.—(389)

7. **——Admissions in Pleading**—In an action on an employee's bond, the complaint charged an embezzlement of the moneys and chattels of the plaintiff, within the terms of the bond, and, though a bill of particulars was furnished, no plea denying possession by the employee of the moneys or chattels so mentioned, was interposed. The defendant was held to admit that the moneys and chattels described in the bill of particulars had been in the employee's possession.—(388, 389)

8. **——Objections to Evidence**—Plaintiff sued upon an employee's bond. By the terms of the bond the surety was liable only for embezzlements of the employee discovered within a cer-

tain time. Held, that a proper objection, or motion, in apt time, would have excluded evidence as to embezzlements not discovered within the time named.—(387, 388)

9. Practice—Bill of Particulars—Plea—If the defendant is not chargeable with items set down in the bill of particulars furnished by plaintiff, he may protect himself by plea as to such items.—(389)

10. Pleading—Complaint—Conditions Precedent—A complaint on a bond which prescribes conditions to be performed by the obligee in order to fix the liability of the obligor, may effectually adopt the general averment of conditions performed, prescribed by the code (sec. 66).—(388)

11. ——What Must Be Specially Pleaded—That the action was prematurely instituted is to be presented by a special plea. So of a false statement made by the obligee in an employee's bond, in order to secure its execution.—(389)

So, it seems, as to items set down in the plaintiff's bill of particulars, as to which the defendant would deny liability.—(386, 387)

*Appeal from Denver District Court*—Hon. PETER L. PALMER, Judge.

Mr. ANDREW W. GILLETTE and Mr. HENRY H. CLARK for appellant.

Messrs. WALDRON & THOMPSON for appellees.

Mr. JUSTICE WHITE delivered the opinion of the court:

The appellees, who were plaintiffs below, brought this suit to recover from Pearl Mae Hayes and appellant the penalty named in an indemnity bond, executed and delivered by the latter to, and guaranteeing plaintiffs against loss, occasioned through certain acts of Miss Hayes, their cashier and clerk. The bond obligated appellant to reimburse plaintiffs for any pecuniary loss by them sustained of money, securities or other personal property in the possession of the employee, or for the possession of which she was responsible, by reason of any act of fraud or dishonesty upon her part, while in the discharge of the duties of her position, amounting to larceny or embezzlement, ''and which

shall have been committed during the continuance of this bond, or any renewal thereof, and discovered during said continuance, or within six months thereafter, or within six months from the death or dismissal, or retirement of the employee from the service of the said employer.''

The complaint alleged, *inter alia*, the employment and duties of Miss Hayes, the execution and delivery of the bond, which was set forth; the renewal of the bond February 1, 1904, for the year ending March 25, 1905; that Miss Hayes entered upon her duties under the employment, and after the execution of the bond, took charge of moneys, goods, securities, chattels, effects and property of the appellees, and continued in such employ until the 3rd day of September, 1904; that between the 1st day of September, 1903, and the 3rd day of September, 1904, while in the active discharge of her duties as specified in the bond, and during the existence thereof, she ''did embezzle, take, steal and carry away of the moneys, securities, goods, chattels, effects and property of these plaintiffs, and appropriate and convert the same to her own use, without the knowledge or consent of these plaintiffs, or either of them, moneys, securities, goods, chattels, effects and property'' to the amount and value of $2,451.30; that plaintiffs, on or about the 13th day of January, 1905, and upon the discovery of the acts and conduct of Miss Hayes, notified defendant thereof in writing, and subsequently demanded of the latter payment of the loss sustained to the amount of the penalty named in the bond; that defendant refused payment thereof; that plaintiffs duly performed the conditions and requirements of them to be kept and performed by the terms of the bond. The prayer of the complaint is for judgment in the sum of $2,000.00, the penalty named in the bond.

The answer admitted the formal allegations of the complaint, the execution, delivery and renewal of the bond, the notification and claim in writing of the alleged loss by embezzlement; denied, upon information and belief, the embezzlement alleged, claimed a variance in the notice given, claim made for loss, and bill of particulars filed, as to the dates of the alleged embezzlement and the values of the articles embezzled; denied that plaintiffs had performed the conditions and requirements to be by them kept and performed by the terms of the bond; denied that plaintiffs, on or prior to March 1, 1905, demanded of defendant payment of, or that defendant refused to pay, the amounts embezzled by the employee. A replication filed, denied any new matter set forth in the answer.

Thereupon the matter was referred to a referee to hear and determine all the issues, both of fact and of law, and to report the same to the court. The referee's findings of fact supported the allegations of the complaint. The report further recited, substantially, that before the execution and delivery of the bond, the defendant company required of the plaintiffs a certain statement in writing, wherein the latter answered questions propounded by the defendant company concerning the nature and character of the position to be filled, and the duties to be performed by Miss Hayes; that among other questions contained in said statement was No. 18, which read: "Have you ever sustained loss through the dishonesty of any one holding the position of the applicant?" That said question was answered "No," and that said answer was false. The report continues as follows: "The plaintiff, H. A. Newton, who dictated the answer to said question, testified that he told the defendant Hayes (the defaulting employee), who wrote the answer to this and all other

questions, to answer that a previous loss had occurred; the defendant Hayes testified that H. A. Newton told her to answer said question by saying that no previous loss had occurred, and that she did write, in answer to said question, that no previous loss had occurred. The testimony further shows that the original paper which contained Question 18 and its answer was lost in the Baltimore fire. The only other testimony introduced on the subject is the deposition of Charles H. Lemkul, which was received over the objection of plaintiffs' counsel, and it is largely on account of this testimony that I find that Question 18, as aforesaid, was answered falsely." Lemkul's testimony, on the point in question, was inadmissible.

Exceptions to the referee's report were filed by plaintiffs, and likewise the defendant here appealing. Thereafter, January 5, 1907, the court overruled the exceptions of defendant, sustained those of plaintiffs, and further declared that the finding "No," in answer to Question 18 in the written statement, was not sustained by the testimony, and that plaintiffs had proven by a preponderance of the evidence, that the question propounded was not falsely answered. The court thereupon modified the referee's report in that particular, approved the same as modified, and entered judgment in favor of the plaintiffs for the penalty named in the bond, together with interest from the date of demand. The defendant prosecutes this appeal, and seeks to reverse the judgment, upon several grounds which we will consider in the order most suitable to us.

1. Defendant contends that the complaint does not state a cause of action in that it fails to allege that the property embezzled was, at the time it was so embezzled, in the possession of the employee, as such, or that she was responsible therefor.

The complaint was not questioned by motion or demurrer. Issue was joined thereon without objection. A bill of particulars, showing the character and value of the property, and the dates of its embezzlement by the employee, was furnished the defendant by the plaintiffs, and there is no allegation or claim, in the answer, that the property alleged to have been embezzled was not in the possession or control of the employee in her capacity as cashier and clerk. On the contrary, in the complaint it is alleged, and in the answer admitted, that the employee, under the bond and in the discharge of her duties, "took charge of moneys, goods, securities, chattels, effects and property of these plaintiffs." The complaint then alleges that during that employment, and while in the active discharge of her duties thereunder, and during the existence of the bond, she "did embezzle the moneys, goods, securities, chattels, effects and property of these plaintiffs," etc. From these allegations it is evident that the words, "the moneys," etc., which in the complaint it is alleged Miss Hayes "did embezzle," etc., refer to, and mean "moneys," etc., therein previously alleged as having been taken charge of by her in the discharge of her duties as employee of plaintiffs. Defendant made an issue, by proper allegations, upon the question of embezzlement, but made no issue as to whether the moneys or property alleged to have been embezzled were in the possession or under the control of Miss Hayes as the employee of the plaintiffs. Under these circumstances, it is clear that the allegations of the complaint were construed and accepted by all parties as charging that the embezzlement by the employee related to property for which the employee was responsible, under the terms of the bond. Defendant, having been furnished with a bill of particulars of the moneys and prop-

erty alleged to have been embezzled, it seems clear that if such moneys and property therein described were not such as were covered by the bond, would have specially pleaded that fact and thereby disposed of the controversy. No such plea was interposed, and thereby defendant, in effect, conceded that the goods and moneys described in the bill of particulars were in the possession and under the control of Pearl Mae Hayes as the cashier, clerk and saleslady of plaintiffs. Moreover, before plaintiffs could recover, it was essential that the proof show that the embezzlement was one fully covered by the terms and provisions of the bond sued on. The abstract of record fails to show the bill of particulars referred to in the complaint and answer, or the evidence describing the property, or the dates of its embezzlement. Under these circumstances we must assume that the evidence disclosed that the embezzlement was one fully covered by the terms and provisions of the bond. It is not to be presumed that the referee found the affirmative of these facts, or the court approved such finding, unless it was warranted by the evidence. As said in *Smith v. Bauer,* 9 Colo. 380, 384, "The evidence of plaintiff is not before us, and we must presume that his proof supplied such material matters as the averment may have omitted."

2. Defendant further contends that, to entitle plaintiffs to recover for a loss occurring within the period of the original bond, such loss must have been discovered not later than September 25, 1904; that the renewal constituted a separate and distinct contract, and to recover for a loss occurring thereunder, the loss must have been discovered during such period, or within six months thereafter.

The view which we take of the matter relieves us of the necessity of determining the particular con-

tention. Were it conceded that defendant's contention is correct, it would not require a reversal of this judgment. The allegation of the complaint is, that the embezzlement took place "between the 1st day of September, 1903, and the 3rd day of September, 1904," and that the loss was discovered "on or about the 13th day of January, 1905." The period in which the loss is alleged to have occurred embraced about seven months of the term of the original bond. It also covered about five months under the renewal bond. A discovery of the embezzlement on the 13th day of January, 1905, was not within six months after the expiration of the original bond, yet it was within the term of the renewal bond, and it is conceded that, for a loss occurring within six months prior to January 13, 1905, the defendant would be liable under the renewal bond. These facts appearing in the complaint, make that instrument invulnerable to the objection urged. Were we to apply the rule for which defendant contends, the complaint, nevertheless, states a cause of action. If it were indefinite and uncertain, it devolved upon defendant to attack it in a proper manner and have it made certain. This was not done. It was permissible, under the pleadings, to show that the losses all occurred within the period of the renewal bond, and if the law would not permit a recovery for losses occurring under the period of the original bond, defendant could, upon proper objections, have excluded evidence of such losses. The abstract of the evidence before us does not show when the several embezzlements occurred, or that objections were made to the evidence relating thereto, on the ground that such acts were not discovered within six months after the expiration of the bond, or for any reason whatever. Under these circumstances, for the purpose of disposing of the objection urged, we will presume that improper

evidence was excluded, and the evidence fully estab-
lished the acts of embezzlement to be within the re-
newal period of the bond.

This is not a case where the complaint fails to
state any cause of action whatever in favor of plain-
tiff against the defendant. It is a case where a
cause of action in that respect can be clearly gath-
ered from the averments of the complaint. Upon
the assumption of the correctness of the construction
of the bond, as contended for by the defendant, the
defects, imperfections and omissions in the com-
plaint would have been fatal upon proper demurrer
or motion. Upon defendant's theory, the issues
joined were such as necessarily required, on the trial,
proof of the facts showing the dates of the embez-
zlement, and that such dates were within the renewal
period of the bond. Upon that assumption of the
law, and the state of the pleadings, it is not to be
presumed that the evidence did not warrant the
judgment. To presume that the evidence showed the
acts of embezzlement within the renewal period is
not inconsistent with the alleged defective pleading,
but perfectly consistent therewith.

Moreover, the defendant at all times in the court
below, treated the matter in litigation as though it
were liable for any loss occasioned by the employee's
acts of embezzlement occurring between September
1, 1903, and September 3, 1904, which were discov-
ered on or before January 1, 1905. If any of
the acts of embezzlement occurred during the
period of the original bond, the bill of particulars
advised the defendant of that fact, and it could prop-
erly have protected itself by plea; if evidence of-
fered showed that some of the matters sued for were
barred, because not discovered in time, a proper ob-
jection or motion would, doubtless, have excluded
it; if defendant had considered itself prejudiced in

its substantial rights, because held for loss sustained, for which it was not liable, the trial court could have granted relief upon proper application. Defendant resorted to none of these means of protection or relief. On the contrary, as hereinbefore stated, it assumed that it was liable for any loss sustained through embezzlement by the employee between the dates plead. This is clearly evident from the exceptions interposed to the referee's report. The only objection pertaining to this matter was, that the evidence did not show "by a preponderance thereof, that between the 1st day of September, 1903, and the 3rd day of September, 1904, the defendant, Pearl Mae Hayes, did appropriate or convert to her own use moneys," etc., of the plaintiffs. The defendant, in no wise having asked a ruling of the trial court upon the very matter of which it now complains, but, rather, in all respects acquiesced therein, is precluded from taking a different position here.

3. It is argued that, inasmuch as the complaint contains no allegation that three months had elapsed, after notice and proof of loss, before the commencement of suit, it fails to state a cause of action.

The contract required the plaintiffs to give notice to the defendant of the loss and accompany the same with satisfactory proof thereof. It then obligated defendant, within three months thereafter, to make payment to plaintiffs for such loss. It is argued that the doing of these things by the employers, and the lapse of three months thereafter, were conditions precedent to the right on the part of plaintiffs to recover. The general allegation that plaintiffs had performed and complied with all the conditions of the bond, was sufficient, under the circumstances of this case. In pleading the performance

of conditions precedent in a contract, it is made unnecessary by sec. 66, Mills' Annotated Code, to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part. Besides, there is nothing in the pleadings that indicates that suit was brought before the expiration of three months from the time the proof of loss was made. Courts take judicial notice of the date of the institution of a suit as it appears from the record, or from the file marks on the papers. Under these circumstances we will presume that the record disclosed to the referee and the court that the suit was not prematurely brought. Moreover, if the suit was prematurely brought, and if such fact did not appear from the face of the complaint, it was the duty of defendant to present such question by special plea.

4. Defendant contends that the trial judge was without authority to modify the referee's finding that the answer to Question No. 18 in the employer's statement was false, and much of the argument of either party pertains to this matter. As far as this case is concerned, the acts of the court, in that respect, are wholly immaterial. A false statement, even if shown by the evidence, will not avail the defendant, unless it was pleaded as a defense. This was not done. If the court erred in the premises, it was error without prejudice. If the defendant wished to take advantage of any clause in the contract which voided it, it was essential that it plead facts presenting the precise question.—*Loyal Mutual Co. v. Brown Mercantile Co., 47 Colo. 467, 475.*

Perceiving no prejudicial error in the record which appellant is in a position to urge on this review, the judgment is affirmed.        *Affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE MUSSER concur.