JUSTICE ET AL. *v.* MID-STATE HOMES, INC.

[No. 769A134. Filed May 4, 1970.]

*John A. Cody, Jr.,* New Albany, for appellants.

*Dixon W. Prentice, Prentice & Prentice,* Jeffersonville, for appellee.

LOWDERMILK, C.J.—This was an action brought by plaintiff-appellee against the defendants-appellants, Orville J. Justice and Nell Justice, Mary Jane Walden and William J. Walden, and the Floyd County Bank, for the foreclosure of a mortgage.

Appellants Justice and Justice had executed a note secured by a mortgage on March 25, 1961, on their certain real estate to the appellee. Appellants Justice and Justice had failed to make monthly payments due in October, November and December, 1965, and January, 1966. In the meantime, the remaining appellants claimed an interest in the mortgaged real estate inferior to the claim of the appellee.

Appellee's complaint was in one paragraph and to which the appellant Floyd County Bank filed an answer admitting

and denying certain rhetorical paragraphs. A second paragraph of the answer of the Floyd County Bank alleged that the note sued upon in such complaint had been fully paid and the third paragraph of answer of the Floyd County Bank was by way of cross complaint and alleged:

1. That prior to November 12, 1965, appellants Walden and Walden made application to the Floyd County Bank for a mortgage loan to supply funds with which to purchase real estate owned by Justice and Justice.

2. The bank agreed to such loan to Walden and Walden upon the execution of a note secured by a mortgage on real estate owned by the Justices.

3. The bank caused title to the real estate in question to be examined, determining the appellee was the owner of a mortgage loan existing thereon.

4. The bank made plans to close the loan to the Waldens on November 12, 1965, and pursuant to such plans requested appellee to furnish the exact amount of money that would be required to pay the the Justices' mortgage loan in full.

5. On November 12, 1965, the bank received a telegram from appellee showing the balance and "pay-off" figure on the mortgage sued on to be $1,095.

6. The bank granted a mortgage loan to the Waldens on November 12, 1965, and duly recorded the same.

7. The bank relied on the telegram from appellee as to the correctness of the balance and paid appellee $1,095, which was returned as being in error and after which the appellant bank tendered $1,095 into court.

8. Appellant bank further alleges it has expended $7,500 as a result of the mispresentation of appellee.

The record is silent as to whether a reply was or was not filed to the affirmative paragraphs of answer. However, the cause was submitted to the court for trial without the intervention of a jury, after which the court rendered judgment

in favor of the appellee against the appellants Justice and Justice for $2,141.62 plus interest, and ordered the sale of the real estate in the usual manner of foreclosure judgments.

Appellants jointly and severally timely filed their motion for a new trial on the grounds: (1) the decision is not sustained by sufficient evidence; (2) the decision is contrary to law, together with memoranda thereon. The motion for a new trial was overruled.

Appellants' assignment of error is the overruling of appellants' motion for a new trial.

There were additional pertinent facts to the transaction as set forth in the agreed statement of facts on which this case was tried, but which this court deems unnecessary to set forth herein.

Appellant bank states that it can find no Indiana cases absolutely in point. It does cite *Moore* v. *Smith,* (1902), 29 Ind. App. 503, 64 N. E. 623.

Appellant further contends that appellee cannot recover from an innocent party as a result of its own mistake and that the mistake was not mutual.

Nowhere in appellants' affirmative third paragraph of answer, which it designates as a cross complaint, or any other paragraph of answer, does appellant bank set forth an equitable estoppel.

Appellant bank does set up in the memoranda filed with its motion for new trial that the appellants are entitled to a new trial on the grounds as follows:

    (a)   Estoppel;

    (b)   There was no mutual mistake;

    (c)   Commercial usage;

    (d)   Commercial custom;

    (e)   Rights of an innocent purchaser for value.

In their answer brief appellees set up that the appellants Justice and Justice never raised the issue of estoppel in the

trial court and further, estoppel could not have been maintained. Appellee further, referring to the appellants Floyd County Bank and Walden and Walden, states they did not act in "good faith" in relying on the misinformation and that their failure to act in "good faith" was insufficient to invoke the doctrine of estoppel, which required the exercise of ordinary prudence.

We are of the opinion that the appellee has adequately presented to this court the failure of all appellants to plead equitable estoppel, which brings us to the question of whether appellants may now avail themselves, for the first time, in this court, of the theory of equitable estoppel.

We shall discuss only the estoppel issue in this cause.

In *Richardson* v. *St. Mary's Hospital* (1963), 135 Ind. App. 1, 191 N. E. 2d 337, the court said on this issue:

> "In order to constitute an equitable estoppel or estoppel *in pais* there must exist a false representation or concealment of material facts; it must have been made with knowledge, actual or constructive, of the facts; the party to whom it was made must have been without knowledge, or the means of knowledge of the real facts; it must have been made with the intention that it should be acted on; and the party to whom it was made must have relied on or acted on it to his prejudice. *Midland Building Industries, Inc.* v. *Oldenkamp et al.* (1952), 122 Ind. App. 347, 103 N. E. 2d 451; 31 C.J.S., Estoppel, § 67, p. 254.

> "Where an estoppel is relied upon, it must be pleaded with particularity and precision, and nothing can be supplied by intendment, and, when there is ground for inference or intendment, it will be against, and not in favor of, the estoppel. *Bowes et al.* v. *Lambert et al.* (1943), 114 Ind. App. 364, 51 N. E. 2d 83, 51 N. E. 2d 897; *Dudley et al.* v. *Pigg* (1898), 149 Ind. 363, 48 N. E. 642."

This court, in *Schill* v. *Choate* (1969), 144 Ind. App. 543, 247 N. E. 2d 688, 696, has quoted *Richardson* v. *St. Mary's Hospital, supra,* as still being the law and we believe it is good authority on this point.

The appellants having failed to plead estoppel as a defense cannot now raise the same before this court and having failed to present their theory of estoppel in their pleadings this court is constrained to affirm the judgment of the trial court.

Appellee has heretofore filed its motion to affirmed or dismiss, with brief in support thereof. This court denied appellee's motion to dismiss and the ruling on the motion to affirm the judgment of the trial court was ordered held in abeyance until the case was disposed of on its merits.

In the motion to affirm or dismiss appellee complained, among other things, that there was no certificate of the trial judge. This contention is true, as the same had been omitted, and on order of this court the certificate of the trial judge has been duly filed as part of the record.

The case now having been disposed of on its merits, appellee's motion to affirm or dismiss is now moot.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the court that appellee's motion to dismiss or affirm be, and the same is, hereby dismissed.

Judgment affirmed.

Costs versus appellants.

Carson and Cooper, JJ., concur; Sullivan, J., concurs in result only.

NOTE.—Reported in 257 N. E. 2d 843.