STATE OF INDIANA ON THE RELATION OF TRAVELERS INSURANCE COMPANY v. THE MADISON SUPERIOR COURT, PAUL E. SCHRENKER, JUDGE OF THE MADISON SUPERIOR COURT.

[No. 976S293. Filed September 13, 1976.]

*Maxwell Gray, Robert J. Hoffman,* of Indianapolis, for relator.

*Donald R. Phillippe,* of Anderson, for intervenor Johnson.

GIVAN, C.J.—Relator seeks a writ against respondents mandating them to vacate and expunge an order of February 20, 1976, which overruled relator's motion for change of venue from the county and to grant said change of venue in the case of John W. Johnson v. Nondas L. Basey and Travelers Insurance Company, Cause No. S 72-827.

A hearing was had before this Court on June 7, 1976, at which time the attorney for the intervenor, John W. Johnson, sought a continuance to file a brief in opposition to the petition for the writ of mandate. This Court granted intervenor a continuance until June 17, 1976, and allowed relators until June 22, 1976, to respond to any briefs filed.

The case in respondent court arose out of an automobile accident between John W. Johnson, plaintiff, and Nondas L. Basey, defendant. Basey counterclaimed against Johnson for damages arising out of that same accident. At this stage of the proceedings below, Travelers Insurance Company, the insurer of Johnson, had not been named a party.

On June 19, 1973, Johnson and Basey, by their attorneys, entered into a stipulation for dismissal of Johnson's complaint with prejudice which stipulation provided that the counterclaim was to remain pending. On that date the court accepted said stipulation and dismissed Johnson's complaint with prejudice. The third numbered paragraph of the stipulation and dismissal order provided as follows:

"3. That the Plaintiff had collision insurance coverage with Travelers Insurance Company with reference to the accident described in the Plaintiff's Complaint occurring on or about March 25, 1972, and that Travelers Insurance Company did make payment to the Plaintiff for damage to the Plaintiff's automobile; that the undersigned attorneys, Peck & Peck, are also representing Travelers Insurance Company with reference to any subrogation interest which they may have as a result of the accident described in the Plaintiff's Complaint; that the dismissal of the Plaintiff's Complaint with prejudice shall prevent the Plaintiff, John W. Johnson, and also Travelers Insurance Company, from asserting any additional claims of any kind or for any reason as a result of the accident described in the Plaintiff's Complaint and occurring on March 25, 1972."

On December 18, 1974, attorneys for Johnson were granted permission to withdraw from the case. Further on that date, attorney John E. Scott entered his appearance for Johnson.

On October 6, 1975, the date set for trial, John E. Scott requested permission to withdraw as attorney for Johnson on the grounds that Johnson refused to cooperate. The trial court granted leave to withdraw. Further on that date, a default judgment was entered for the counterclaimant against Johnson.

On October 16, 1975, counterclaimant Basey filed a motion to enforce judgment by proceedings supplemental and a hearing was set for November 17, 1975.

On November 17, 1975, the judgment defendant Johnson failed to appear. On December 2, 1975, attorney Donald Phillippe entered his appearance for Johnson and moved for a stay of execution. On December 5, 1975, the motion for stay was granted.

On December 10, 1975, judgment-defendant Johnson filed a motion to join additional parties. On December 11, 1975, Johnson was granted leave to file a third party complaint. On December 30, 1975, summons and third party complaint were filed against Travelers Insurance Company. On January 6, 1976, the Indiana Commissioner of Insurance, as agent for the Travelers Insurance Company, received a copy of the complaint and summons. An appearance was entered for Travelers Insurance Company on January 15, 1976. On January 16, 1976, Travelers moved for an enlargement of time in which to respond to and including February 27, 1976, which motion was granted.

On January 29, 1976, Travelers, as third party defendant, filed its motion to dismiss the complaint and its motion to strike. On February 5, 1976, Johnson filed a reply to the motions to dismiss and to strike. On February 11, 1976, respondent court overruled Travelers' two motions.

On February 19, 1976, Travelers filed a motion for change of venue from the county. On February 20, 1976, Johnson

filed an answer to defendant Travelers' motion for change of venue. On that date the respondent court overruled Travelers' motion for change of venue, which action is here challenged.

Relator urges that the third party complaint against it is a separate action distinct from Johnson's claim against Basey and Basey's counterclaim against Johnson and that its motion for change of venue was timely.

Prior to 1879, it was improper in a proceeding supplemental to make third persons defendants for any purpose other than to answer as to any property held by them belonging to the judgment defendant or as to their indebtedness to him. See *Burt* v. *Hoettinger*, (1867) 28 Ind. 214. However, the court in *Toledo etc. Rwy. Co.* v. *Howes*, (1879) 68 Ind. 458, in overruling *Burt* v. *Hoettinger, supra,* stated:

> "But we are clearly of the opinion, that in proceedings supplementary to execution, instituted under section 522 of the code, against the execution defendant and either his debtor or the custodian of his property, the answers of the defendants under oath, in denial either of the possession of such property or of the existence of the alleged indebtedness, are not final and conclusive upon any question of fact involved therein; but, as to any such question, pleadings may be filed, and issues, either of law or of fact, may be joined by and between the plaintiff and the defendants or either of them, or by and between the defendants, and such issues so joined may be heard, tried and determined in the same manner as other issues of law or fact, in other civil actions or proceedings." 68 Ind. at 463.

Because proceedings supplementary are considered summary, no answer to the complaint or affidavit is required or intended. *Burkett* v. *Holman*, (1885) 104 Ind. 6, 3 N.E. 406; *Automobile Underwriters, Inc.* v. *Camp,* (1940) 217 Ind. 328, 28 N.E.2d 68; *Hinds* v. *McNair,* (1955) 235 Ind. 34, 129 N.E.2d 553. However, the issue between Johnson and Relator, which has now been joined in the proceedings supplementary, is not of this nature. This new issue requires a responsive pleading and thus must be governed by TR. 76(2). To the extent that *Automobile Underwriters, Inc.* v. *Camp, supra,* holds to the contrary, it is overruled.

In *State ex rel. Yockey* v. *Sup. Ct. of Marion Co.*, (1974) 261 Ind. 504, 307 N.E.2d 70, 40 Ind. Dec. 632, interpreting TR. 76(2), this Court held that the ten day period would begin to run when the defendant filed his answer, regardless of whether a counterclaim were filed. That decision balanced the conflicting policy considerations of fair trial and speedy trial. The majority in *Yockey* held:

"Therefore, we hold that for purposes of TR. 76(2), the issues shall be deemed *first* closed on the merits upon the filing of defendant's answer. Filing of the answer shall initiate the ten (10) day time period within which the change of venue motion must be filed. For purposes of TR. 76(2) it is immaterial that amended or supplemental answers may follow. Likewise immaterial is the fact that a counterclaim is filed to which a reply is a recognized pleading under TR. 7(A). It is only the *original* answer which controls when the issues are *first* closed between adverse parties. Such a rule, albeit somewhat arbitrary, at least aids in discouraging the postponement or avoidance of trial, which has been in historical part the sometime object of TR. 76 motions." 261 Ind. at 507.

The conflicting considerations of fair trial and avoidance of protracted litigation which were balanced in *Yockey* are presented differently, however, when a third party defendant enters a proceeding after the original complaint is filed. The purpose of TR. 76, as noted in *Yockey,* is to guarantee a fair and impartial trial by making the automatic change of venue available. To extend the result of *Yockey* to that third party defendant would deprive him of an automatic change of venue and defeat the purpose of the rule.

We therefore hold that the issue formed between Johnson and Relator had not been closed at the time the motion for change was filed, thus the trial court was required to grant the change of venue pursuant to TR. 76.

Respondent takes the position that Travelers became a party to the action at the time Johnson's complaint was dismissed and Travelers' attorneys undertook to defend Johnson on Basey's counter-complaint. We cannot agree. One becomes a party to an action when he

"commences or joins in the action, is served with summons or enters an appearance, or who is subjected to the power of the court under any other law." TR. 4. The fact that Travelers had undertaken the defense of their insured Johnson does not place them in any of the above categories. *Smith* v. *Midwest Mutual Ins. Co.,* (1973) 154 Ind. App. 259, 289 N.E.2d 788, 33 Ind. Dec. 705.

The respondent is therefore mandated to expunge its order overruling relator's motion for change of venue and is further mandated to enter an order granting the motion for change of venue.

Arterburn, Hunter and Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported at 354 N.E.2d 188.