**AMERICAN UNDERWRITERS, INC.,**
Appellant (Garnishee
Defendant Below),

v.

**Lewis CURTIS, Michaola Curtis, Ginger Lynn Loper by William E. Loper, father and next friend, Matthew Carl Loper by William E. Loper, father and next friend, and William E. Loper, Appellees** (Plaintiffs Below),

Kenneth Johnson, Appellee
(Defendant Below).

No. 2–177A12.

Court of Appeals of Indiana,
Fourth District.

Aug. 1, 1979.

---

**6.** See *Treloar v. Harris*, (1917) 66 Ind.App. 59, 117 N.E. 975.

C. Michael Cord, Bayliff, Harrigan, Cord & Maugans, P. C., Kokomo, William S. Glickfield, Marion, for appellees.

Donald L. Tunnell, John W. Hammel, Yarling, Tunnell, Robinson & Lamb, Indianapolis, W. Gordon Coryea, Marion, for appellant.

CHIPMAN, Presiding Judge.

This appeal arises from a judgment in garnishment proceedings in favor of appellees-plaintiffs Lewis Curtis, Michaola Curtis, Ginger Lynn Loper, Matthew Carl Loper, and William E. Loper (claimants) against appellant-garnishee defendant American Underwriters, Inc. (AUI). In 1973, the claimants were involved in an automobile accident with defendant Kenneth Johnson (insured). At the time of this accident, the insured was covered by AUI under a policy issued pursuant to the Indiana Motor Vehicle Safety-Responsibility and Driver Improvement Act (Financial Responsibility Act).[1] After recovering a de-

---

1. 9–2–1–5 [47–1048]. Suspension upon conviction or pleading guilty—Proof of financial responsibility—Motor vehicle liability policy—Conviction defined—Judicial review.

fault judgment in excess of $50,000 against the insured, claimants brought proceedings supplemental against AUI. The trial court found for the claimants and held AUI liable for its policy limit of $30,000. AUI appeals and presents the following issues: (1) Is suit by the claimants against AUI barred under the "no action" clause of the Financial Responsibility Act since the claimants failed to obtain a "final judgment . . . after actual trial" against the insured? (2) Is claimants' action barred because of their failure to give notice to AUI of the suit pending against the insured?

We affirm.

## I. ACTUAL TRIAL

■ The first issue raised by AUI concerns the following portion of Indiana's Financial Responsibility Act:

[T]he liability of the insurance carrier under a motor vehicle liability policy which is furnished for proof of financial responsibility in the future as set out in this chapter shall become absolute whenever loss or damage covered by such policy occurs . . . . No action shall lie against the insurance carrier by or on

\*    \*    \*    \*    \*    \*

(c) The suspension or revocations shall remain in effect and no new or renewal license shall be issued that person and no motor vehicle shall be registered in the name of that person for a period of six [6] months, and not then, unless that person, within the three [3] years following the expiration of the suspension or revocation, shall give and maintain in force at all times during the effective period of any new or reinstated license, proof of his financial responsibility in the future in the manner specified in this chapter; however, the liability of the insurance carrier under a motor vehicle liability policy which is furnished for *proof of financial responsibility in the future as* set out in this chapter shall become absolute whenever loss or damage covered by the policy occurs, and the satisfaction by the insured of a final judgment for loss or damage shall not be a condition precedent to the right or obligation of the carrier to make payment on account of loss or damage, but the insurance carrier shall have the right to settle any claim covered by the policy, and if the settlement is made in good faith, the amount thereof shall be deductive from the limits of liability specified in the policy. No such policy shall be cancelled or annulled as respects any loss or damage, by any agreement between the carrier and the insured

behalf of any claimant under the policy until after final judgment has been obtained after actual trial by or on behalf of any claimant under the policy.

Ind.Code 9–2–1–5(c). AUI contends the "no action" clause renders an actual trial against the insured a condition precedent to its otherwise absolute liability. Thus, before instituting proceedings supplemental against AUI, the claimants should be required to establish the liability of the insured in an actual, contested and adversary trial. AUI concludes that the default judgment in favor of claimants against the insured falls short of an "actual trial" and, therefore, the "no action" clause constitutes a good defense in the claimants' garnishment proceedings against AUI. Conceding the logic of AUI's reasoning,[2] we hold AUI has failed to preserve this issue for review.

■ We hold that an insurer's defense under the "no action" clause constitutes an affirmative defense which must be specifically pleaded by AUI in its answer to the claimants' garnishment action. AUI's failure to specifically plead is fatal. Although

after the insured has become responsible for the loss or damage, and any such cancellation or annulment shall be void. The policy may provide that the insured, or any other person covered by the policy, shall reimburse the insurance carrier for payment made on account of any loss or damage claim or suit involving a breach of the terms, provisions or conditions of the policy; and, if the policy shall provide for limits in excess of the limits specified in this chapter, the insurance carrier may plead against any plaintiff, with respect to the amount of the excess limits of liability, any defenses which it may be entitled to plead against the insured, and the policy may further provide for prorating of the insurance thereunder with other applicable valid and collectible insurance. No action shall lie against the insurance carrier by or on behalf of any claimant under the policy until after final judgment has been obtained after actual trial by or on behalf of any claimant under the policy.

2. We question, nevertheless, the premise on which AUI bases its analysis (an actual trial is a condition precedent to its absolute liability) to the extent it requires the claimants to somehow force the insured to answer their complaint and contest liability and damages.

distinguishable,[3] decisions from other jurisdictions require insurance companies to present by special plea the defense that suit was prematurely brought. *Federal Automobile Insurance Ass'n v. Abrams*, (1928) 217 Ala. 539, 117 So. 85; *United States Fidelity & Guaranty Co. v. Newton*, (1911) 50 Colo. 379, 115 P. 897.

> All affirmative defenses must be specially pleaded by a clear and definite allegation of the facts constituting such defense, and a defense not so pleaded will be regarded as waived. Matters which must be pleaded affirmatively and specially included [sic] many defenses, such as the bringing of the action *before* or after the period of time limited by the policy or statute . . . . (emphasis added)

46 C.J.S. *Insurance* § 1294 (1946). AUI failed to raise the "no action" clause as an affirmative defense in its answer to the claimants' action. Nearly a year later at the hearing on the garnishment proceedings, AUI again failed to assert this defense. Not until *after* the hearing did AUI raise the "no action" clause. Since this defense was neither raised affirmatively in its answer[4] nor tried by implied consent, AUI has waived any error. *Lawshe v. Glen Park Lumber Co., Inc.*, (1978) Ind.App., 375 N.E.2d 275, 277–78.

## II. NOTICE

AUI also contends the claimants' failure to give it notice of the suit or judgment against the insured bars claimants' garnishment proceedings.[5] AUI reasons that the "no action" clause of our Financial Responsibility Act "impliedly" required the claimants to notify AUI of their suit against the insured. While we agree that the record supports AUI's allegations regarding lack of notice, we hold that such notice is neither contemplated nor required under the Financial Responsibility Act. We need look no further than the absolute liability provision of the Financial Responsibility Act to dispose of AUI's convoluted notice argument:

> [T]he liability of the insurance carrier under a motor vehicle liability policy which is furnished for proof of financial responsibility in the future as set out in this chapter *shall become absolute* whenever loss or damage covered by such policy occurs.

Our legislature, unlike those in several others states,[6] saw fit not to condition an insurer's absolute liability on notice. For us to "read-in" such a requirement would be to emasculate both the plain meaning and purpose[7] of the Act.

We affirm.

MILLER and YOUNG, JJ., concur.

---

3. This issue is purely one of first impression. Since its enactment in 1947, the Act has rarely been construed by Indiana courts. No Indiana case has thus far dealt with the "no action" clause. Furthermore, no other state has a Financial Responsibility Act with a "no action" clause similar to ours.

4. Because proceedings supplemental are considered summary, an answer to the complaint is generally neither required nor intended. *State ex rel. Travelers Insurance Co. v. Madison Superior Court*, (1976) 265 Ind. 287, 354 N.E.2d 188, 191. Both Ind.Code 34–1–44–8 and Ind.Rules of Procedure, Trial Rule 69 appear to dispense with the necessity of a responsive pleading. However, when an issue as to the liability of an insurance carrier arises in a proceeding supplemental, as in the case at bar, an answer is required. *State ex rel. Travelers Insurance Co. v. Madison Superior Court, supra*. Furthermore, even though an answer might arguably not be required, we hold that since AUI *did*, in fact, respond to claimants' complaint, it must raise *all* affirmative defenses. We will not permit an insurance company to sit idly by and wait until an adverse judgment in proceedings supplemental before raising a dispositive defense.

5. AUI has waived its estoppel *in pais* argument by failing to plead same in the trial court. *Justice v. Mid-State Homes, Inc.*, (1970) 146 Ind.App. 662, 257 N.E.2d 843, 845.

6. Four states have apparently included this notice requirement in their Acts. The vast majority of jurisdictions, however, contain no such provision.

7. We discern a dual purpose from the legislature's enactment of our Financial Responsibility Act. First, the Act secures the solvency of operators upon highways and guarantees their ability to discharge judgments arising out of accidents in which they may be involved. In addition to regulating the owners and operators

of motor vehicles, the Act also regulates the rights and obligations of insurers issuing policies to comply with the statute. We believe our Act is remedial in nature and is, therefore, to be liberally construed to carry out this public policy and achieve the legislative objective. Thus, the purpose of protecting injured claimants is not to be defeated by imposing restrictions on the claimant not called for by the Act. G. Couch, Cyclopedia of Insurance Law §§ 45.-702–45.712 (2nd ed. 1964).