AMERICAN UNDERWRITERS,
INC., Appellant,

v.

Lewis CURTIS, Michaola Curtis, Ginger Lynn Loper by William E. Loper, father and next friend, Matthew Carl Loper by William E. Loper, father and next friend, and William E. Loper, Appellees,

Kenneth Johnson, Appellee.

No. 2-177A12.

Supreme Court of Indiana.

Oct. 29, 1981.

Donald L. Tunnell, John W. Hammel, Yarling, Tunnell, Robinson & Lamb, Indianapolis, W. Gordon Coryea, Marion, for appellant.

C. Michael Cord, Bayliff, Harrigan, Cord & Maugans, P. C., Kokomo, William S. Glickfield, Marion, for appellees.

ON PETITION TO TRANSFER

GIVAN, Chief Justice.

The Court grants transfer in this case for the sole purpose of clarifying Trial Rule 69(E). The opinion of the Court of Appeals is correct and is incorporated herein as follows:

CHIPMAN, Presiding Judge.

This appeal arises from a judgment in garnishment proceedings in favor of appellees-plaintiffs Lewis Curtis, Michaola Curtis, Ginger Lynn Loper, Matthew Carl Loper, and William E. Loper (claimants) against appellant-garnishee defendant American Underwriters, Inc. (AUI). In 1973, the claimants were involved in an automobile accident with defendant Kenneth Johnson (insured). At the time of this accident, the insured was covered by AUI under a policy issued pursuant to the Indiana Motor Vehicle Safety-Responsibility and Driver Improvement Act (Financial Responsibility Act).[1] After recovering a default judgment in excess of $50,000 against the insured, claimants brought proceedings supplemental against AUI. The trial court found for the claimants and held AUI liable for its policy limit of $30,000. AUI appeals

and presents the following issues: (1) Is suit by the claimants against AUI barred under the "no action" clause of the Financial Responsibility Act since the claimants failed to obtain a "final judgment . . . after actual trial" against the insured? (2) Is claimants' action barred because of their failure to give notice to AUI of the suit pending against the insured?

We affirm.

## I. ACTUAL TRIAL

■ The first issue raised by AUI concerns the following portion of Indiana's Financial Responsibility Act:

[T]he liability of the insurance carrier under a motor vehicle liability policy which is furnished for proof of financial responsibility in the future as set out in this chapter shall become absolute whenever loss or damage covered by such policy occurs . . . . No action shall lie against the insurance carrier by or on behalf of any claimant under the policy until after final judgment has been obtained after actual trial by or on behalf of any claimant under the policy.

1. 9–2–1–5 [47–1048]. Suspension upon conviction or pleading guilty—Proof of financial responsibility—Motor vehicle liability policy—Conviction defined—Judicial review.

    \*    \*    \*    \*    \*    \*

(c) The suspension or revocations shall remain in effect and no new or renewal license shall be issued that person and no motor vehicle shall be registered in the name of that person for a period of six [6] months, and not then, unless that person, within the three [3] years following the expiration of the suspension or revocation, shall give and maintain in force at all times during the effective period of any new or reinstated license, proof of his financial responsibility in the future in the manner specified in this chapter; however, the liability of the insurance carrier under a motor vehicle liability policy which is furnished for proof of financial responsibility in the future as set out in this chapter shall become absolute whenever loss or damage covered by the policy occurs, and the satisfaction by the insured of a final judgment for loss or damage shall not be a condition precedent to the right or obligation of the carrier to make payment on account of loss or damage, but the insurance carrier shall have the right to settle any claim covered by the

policy, and if the settlement is made in good faith, the amount thereof shall be deductive from the limits of liability specified in the policy. No such policy shall be cancelled or annulled as respects any loss or damage, by any agreement between the carrier and the insured after the insured has become responsible for the loss or damage, and any such cancellation or annulment shall be void. The policy may provide that the insured, or any other person covered by the policy, shall reimburse the insurance carrier for payment made on account of any loss or damage claim or suit involving a breach of the terms, provisions or conditions of the policy; and, if the policy shall provide for limits in excess of the limits specified in this chapter, the insurance carrier may plead against any plaintiff, with respect to the amount of the excess limits of liability, any defenses which it may be entitled to plead against the insured, and the policy may further provide for prorating of the insurance thereunder with other applicable valid and collectible insurance. No action shall lie against the insurance carrier by or on behalf of any claimant under the policy until after final judgment has been obtained after actual trial by or on behalf of any claimant under the policy.

Ind.Code 9–2–1–5(c). AUI contends the "no action" clause renders an actual trial against the insured a condition precedent to its otherwise absolute liability. Thus, before instituting proceedings supplemental against AUI, the claimants should be required to establish the liability of the insured in an actual, contested and adversary trial. AUI concludes that the default judgment in favor of claimants against the insured falls short of an "actual trial" and, therefore, the "no action" clause constitutes a good defense in the claimants' garnishment proceedings against AUI. Conceding the logic of AUI's reasoning,[2] we hold AUI has failed to preserve this issue for review.

We hold that an insurer's defense under the "no action" clause constitutes an affirmative defense which must be specifically pleaded by AUI in its answer to the claimants' garnishment action. AUI's failure to specifically plead is fatal. Although distinguishable,[3] decisions from other jurisdictions require insurance companies to present by special plea the defense that suit was prematurely brought. *Federal Automobile Insurance Ass'n. v. Abrams*, (1928) 217 Ala. 539, 117 So. 85; *United States Fidelity & Guaranty Co. v. Newton*, (1911) 50 Colo. 379, 115 P. 897.

> All affirmative defenses must be specially pleaded by a clear and definite allegation of the facts constituting such defense, and a defense not so pleaded will be regarded as waived. Matters which must

be pleaded affirmatively and specially included [sic] many defenses, such as the bringing of the action *before* or after the period of time limited by policy or statute .... (emphasis added)

46 *C.J.S. Insurance* § 1294 (1946). AUI failed to raise the "no action" clause as an affirmative defense in its answer to the claimants' action. Nearly a year later at the hearing on the garnishment proceedings, AUI again failed to assert this defense. Not until *after* the hearing did AUI raise the "no action" clause. Since this defense was neither raised affirmatively in its answer[4] nor tried by implied consent, AUI has waived any error. *Lawshe v. Glen Park Lumber Co., Inc.*, (1978) Ind.App., 375 N.E.2d 275, 277–78.

## II. NOTICE

AUI also contends the claimants' failure to give it notice of the suit or judgment against the insured bars claimants' garnishment proceedings.[5] AUI reasons that the "no action" clause of our Financial Responsibility Act "impliedly" required the claimants to notify AUI of their suit against the insured. While we agree that the record supports AUI's allegations regarding lack of notice, we hold that such notice is neither contemplated nor required under the Financial Responsibility Act. We need look no further than the absolute liability provision of the Financial Responsibil-

---

2. We question, nevertheless, the premise on which AUI bases its analysis (an actual trial is a condition precedent to its absolute liability) to the extent it requires the claimants to somehow force the insured to answer their complaint and contest liability and damages.

3. This issue is purely one of first impression. Since its enactment in 1947, the Act has rarely been construed by Indiana courts. No Indiana case has thus far dealt with the "no action" clause. Furthermore, no other state has a Financial Responsibility Act with a "no action" clause similar to ours.

4. Because proceedings supplemental are considered summary, an answer to the complaint is generally neither required nor intended. *State ex rel. Travelers Insurance Co. v. Madison Superior Court*, (1976) 265 Ind. 287, 354 N.E.2d 188, 191. Both Ind.Code 34–1–44–8 and Ind.Rules of Procedure, Trial Rule 69 appear to

dispense with the necessity of a responsive pleading. However, when an issue as to the liability of an insurance carrier arises in a proceeding supplemental, as in the case at bar, an answer is required. *State ex rel. Travelers Insurance Co. v. Madison Superior Court, supra.* Furthermore, even though an answer might arguably not be required, we hold that since AUI *did*, in fact, respond to claimants' complaint, it must raise *all* affirmative defenses. We will not permit an insurance company to sit idly by and wait until an adverse judgment in proceedings supplemental before raising a dispositive defense.

5. AUI has waived its estopped *in pais* argument by failing to plead same in the trial court. *Justice v. Mid-State Homes, Inc.*, (1970) 146 Ind.App. 662, 257 N.E.2d 843, 845.

ity Act to dispose of AUI's convoluted notice argument:

> [T]he liability of the insurance carrier under a motor vehicle liability policy which is furnished for proof of financial responsibility in the future as set out in this chapter *shall become absolute* whenever loss or damage covered by such policy occurs.

Our legislature, unlike those in several other states,[6] saw fit not to condition an insurer's absolute liability on notice. For us to "read-in" such a requirement would be to emasculate both the plain meaning and purpose [7] of the Act.

We affirm.

MILLER and YOUNG, JJ., concur.

AUI now appeals to this Court and argues that it was not required to respond to claimants' motion initiating proceedings supplemental and, therefore, it cannot be held to have waived any affirmative defense that it did not assert in that responsive pleading. We note at the outset that AUI must have felt that such a response was at least permissible, as they did indeed file an "Answer to Verified Motion for Proceedings Supplemental."

The language of Ind.Rules of Procedure, Trial Rule 69(E) governing proceedings supplemental indicates that a responsive pleading is not required. The rule states that after the filing of verified motion for proceedings supplemental, "No further pleadings shall be required." Professors Harvey and Townsend state in 4 W. Harvey & R. Townsend, Ind.Pract., at 472: "Responsive pleadings and the like are improper in proceedings supplemental." Additionally, AUI contends that at the time the pleading was offered the trial court was governed by the

law as stated in *Automobile Underwriters, Inc. v. Camp*, (1940) 217 Ind. 328, 27 N.E.2d 370. In that case, the defendant tried to file responsive pleadings in a proceeding supplemental but the trial court refused to accept them. On appeal of that refusal, this Court said:

> "[I]n proceedings supplemental to execution, no answers are contemplated. § 2–4404, Burns 1933, § 678, Baldwin's 1934, Acts 1881 (Spec.Sess.), Ch. 38, § 599, P. 240 provides: '* * * and all proceedings under this act, after the order has been made requiring parties to appear and answer, shall be summary, without further pleadings, upon the oral examination and testimony of parties and witnesses.' Under this section of the statute, it has been held all pleadings subsequent to the complaint or affidavit had been dispersed [sic] with. (cites omitted) . . . We think the court has acted rightly on the authority of the above cases." *Id.* at 338, 27 N.E.2d at 373.

Thus, the state of the law after *Camp, supra,* was that trial courts were to refuse to accept responsive pleadings in proceedings supplemental. This holding of the *Camp* case was overruled by a later case out of this Court, *State ex rel. Travelers Insurance Co. v. Madison Superior Court*, (1976) 265 Ind. 287, 354 N.E.2d 188. The Court of Appeals cited the *Travelers* case in a footnote and indicated the latter supported the proposition that under some circumstances a responsive pleading was proper in a proceeding supplemental. However, *Travelers* was decided after the trial court in this case had ruled against AUI, thus AUI argues that it is manifestly unfair for us to affirm the Court of Appeals when that court retro-

---

**6.** Four states have apparently included this notice requirement in their Acts. The vast majority of jurisdictions, however, contain no such provision.

**7.** We discern a dual purpose from the legislature's enactment of our Financial Responsibility Act. First, the Act secures the solvency of operators upon highways and guarantees their ability to discharge judgments arising out of accidents in which they may be involved. In addition to regulating the owners and operators

of motor vehicles, the Act also regulates the rights and obligations of insurers issuing policies to comply with the statute. We believe our Act is remedial in nature and is, therefore, to be liberally construed to carry out this public policy and achieve the legislative objective. Thus, the purpose of protecting injured claimants is not to be defeated by imposing restrictions on the claimant not called for by the Act. *G. Couch, Cyclopedia of Insurance Law* §§ 45.-702–45.712 (2nd ed. 1964).

actively applied a rule of procedure to AUI's case in the trial court.

A careful reading of the opinion of the Court of Appeals shows that the ruling in *Travelers, supra*, was not the sole basis for the holding in this case. The court did note that *Travelers* holds, "[W]hen an issue as to the liability of an insurance carrier arises in a proceeding supplemental, as in the case at bar, an answer is required." *American Underwriters, Inc. v. Curtis et al.*, (1979) Ind. App., 392 N.E.2d 516, 519 n.4. However, the court goes on: "Furthermore, even though an answer might be arguably not required, we hold that since AUI *did*, in fact, respond to claimants' complaint, it must raise all affirmative defenses." (Emphasis in original.) *Id.*

We think the Court of Appeals was resting its holding not only on *Travelers*, but also on the long recognized principle that, "[n]o party can take advantage of an error committed by a court except the one against whom it is offered." *Johnson, Adm. v. Johnson,* (1901) 156 Ind. 592, 60 N.E. 451, 452–453. *See also, City of Beech Grove v. Schmith*, (1975) 164 Ind.App. 536, 329 N.E.2d 605. Here the error committed by the trial court worked in favor of AUI and against the claimants, a situation clearly within the ambit of the general rule cited above. The court's error permitted AUI another "bite out of the apple" and gave them an additional chance to defend the action and assert their affirmative defense at this stage of the proceedings. We will not now entertain a complaint from AUI that they should not have been permitted to file this pleading in the first place and that; therefore, their failure to assert this affirmative defense therein should be of no consequence. Even without *Travelers*, the Court of Appeals correctly refused to let AUI allege as error an error that if made worked to their benefit rather than their detriment.

With respect to Indiana Trial Rule 69(E), we recognize that, as we held in *Travelers*, when a new issue arises in a proceeding supplemental, responsive pleadings are required. This is true even though Trial Rule 69(E) speaks of a "verified mo-tion" for proceedings supplemental rather than a "complaint." Also, we hold that a party *may* respond with an answer to a verified motion for proceedings supplemental even when no new issue arises in the case. If he does, however, he must assert all affirmative defenses therein or they are waived. Trial courts faced with garnishee defendants attempting to file responsive pleadings should accept them. Garnishee defendants, on the other hand, who believe they have a proper defense to the action will waive that defense if they do not assert it in their response. Considering that litigation is already well advanced by the time the judgment plaintiff is ready to initiate proceedings supplemental to collect his judgment, we perceive no injustice in putting the burden on the garnishee defendant to act properly and quickly in these matters.

We need not reach a decision on AUI's principal contention in the case; namely, that a default judgment is not an actual trial and, therefore, the garnishment proceeding was absolutely barred. We reserve that question for a proper case in which the garnishee defendant insurer raises the defense in the proper manner and at the proper time; that being by responsive pleading filed after the garnisher's filing of a verified motion for proceedings supplemental or affidavits to initiate the proceedings.

For the reasons noted above, the judgment of the Court of Appeals is affirmed.

HUNTER, PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.